### No. 130.

THE STATE OF LOUISIANA EX REL. HARDENBURGH VS. THE JUDGES OF THE FIRST DISTRICT COURT, PARISH OF CADDO.

A mandamus does not lie to compel a District Judge to appoint an attorney-at-law to try a case in which he has recused himself as having been of counsel, when the Court, of which he is an officer, is represented by another Judge clothed with concurrent powers, and who is not himself recused.

The Act of 1880, No. 40, is inoperative in such a case.

Under Act of 1882, No. 71, the Judges of the District Court for the First Judicial District are authorized to adopt rules for the classification and distribution of causes before that Court, and to provide for the trial of recused cases.

A Prohibition does not lie to prevent the other Judge, not recused, from trying such cases in which his fellow Judge is recused as of counsel.

APPLICATION for Mandamus and Prohibition.

State ex rel. Hardenburgh vs. Judges.

*Land & Land* for the Relator.

Respondents *in propriis personis.*

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an application for a mandamus and for a prohibition.

The prayer for a mandamus is levelled at one of the defendant Judges, (Taylor) who, having recused himself as counsel in a suit before him, declines to appoint a lawyer to sit and try the case in his place.

The demand for a prohibition is formed against the other defendant Judge, (Jones) to prevent him from taking cognizance of and determining the identical litigation.

The District Judges return, arguing that their respective course is justified by law.

The Constitution in force does not contain general provisions for the trial of cases in which District Judges may be recused.

It first directs that the legislature shall provide for the trial of such cases in the District Courts, by the selection of licensed attorneys-at-law, by an interchange of Judges, or otherwise.   Art. 112.

It next declares, concerning the Civil District Court for the Parish of Orleans, which is composed of five Judges, who sit separately and have a concurrent jurisdiction, that, in case of the recusation of any Judge thereof in any case, such cause shall be reassigned to some other Judge of the same court.   Art. 130.

So that the powers delegated to the legislature were to be exercised solely as to District Courts outside of the Parish of Orleans.

The Constitution also provides, that the general assembly shall have power to increase the number of District Judges in any district, whenever the public business may require.   Art. 110.

In furtherance of Article 112, the legislature passed Act 40 of 1880, the second section of which is to the effect, that, where a District Judge is recused in a case, except for cause of interest, he shall for the trial thereof appoint a lawyer having the qualifications of a Judge of the District Court, etc.

In the exercise of the powers conferred by Art. 110, the general assembly passed Act 71 of 1882, increasing to *two* the number of District Judges for the First Judicial District, authorizing them to adopt rules for the division into classes, and the assignment to each Judge, of the business thus classified, of the court.

Under the authority of that legislation, the additional Judge had

been elected, qualified and had entered upon the discharge of his duties when the previous Judge was recused and retired from the case.

The trial of " *recused cases* " has, for quite a long period, been a subject of embarrassment for both conventions and legislatures, and has proved a fruitful occasion for mystifying, protracted and injurious litigation, which the wisdom of law givers would seem to have proved incompetent effectually to suppress.

The framers of the Constitution have nevertheless assumed to remedy the crying evil, and, to all appearances, have practically well prescribed on the subject.

Contemplating both the actual and eventual condition of things, they have directed specially in what manner cases of that class were to be decided in a particular section of the State, and have imposed upon the legislature the duty of providing for the trial of such cases, by selected attorneys-at-law, in the other parts of the State.

At the time the Act of 1880 was passed, the District Courts throughout the State, save in the Parish of Orleans, were presided over by one Judge only. The legislation which it contains was designed to apply to the state of facts then in existence.

The motives which induced the framers of the Constitution to direct legislation for the determination of such cases by selected attorneys-at-law, no doubt were the avoiding of the injurious delays so frequently suffered before procuring the attendance of a neighboring Judge, and the securing of a speedy trial and decision of the case by a competent member of the legal profession.

It is true that they foresaw the probability, if not the certainty, of an increase of the number of District Judges in one or more Districts; but it cannot be legitimately inferred from that circumstance, that they designed that the legislation required by Article 112 should apply to cases of recusation, when the powers of the same District Court *could be exercised* by another Judge of the same court, for they had specially provided otherwise by Article 130 for the trial of similar cases in the Parish of Orleans.

If they did so expressly provide for that parish, it is simply because they had also provided that all cases before the District Court there should be allotted and assigned, and that the Judge to whom the cases would thus go, should retain exclusive control over it until its final determination.

They did not require the legislature to provide for such allotment and assignment in case of an increase of the Judges of any one District Court, and the legislature did not do so, but authorized the

Judges to adopt rules on that subject.   This they did in the present instance, referring to the newly elected Judge all criminal and civil jury cases, and to the previous Judge, all other cases, provision being made at the same time for the trial of recused cases in the mode which is complained of in the present instance.

The legislature was competent to delegate the power to adopt such rules.   The Judges having exercised the right, and the trial of recused cases having been covered thereby, their action is warranted and legal.

It, therefore, follows that the Act of 1880 became inoperative when the legislature prescribed for the addition of a Judge for the District Court for the First Judicial District, clothed with concurrent powers and when the office thus created was filled and the elected Judge entered upon the discharge of his functions, provided such Judge was not himself recused for some legal cause.   In such a case the Act of 1880 would continue in force, and the necessity of the appointment of an attorney would still exist.

On the happening of such an event, namely: the legal recusation of one Judge and the absence of any valid recusation of the other Judge, the requirement of calling upon an attorney-at-law determines and the occasion arises for the assistance of the other member of the same court clothed with identical powers.

- This construction of the Act of 1880 is in accord and harmonizes with the mode prescribed by the Constitution itself, for the trial of recused cases in the Parish of Orleans.   It is legitimate, conservative, and is the result of much deliberation.

The course pursued by the defendant Judges being justified by law, it is ordered that the application herein be refused with costs.