No. 10,987.

MRS. C. E. P. CALHOUN, EXECUTRIX, ETC., VS. MRS. E. McKNIGHT, ADMINISTRATRIX, ET AL.

| 44 | 575 |
| 115 | 865 |
| 44 | 575 |
| 125 | 661 |

1. Evidence of extra-judicial admission by a dead man, out of the presence of others, is the weakest of all testimony.

2. In cases of conflicting evidence, the judgment of the judge *a quo* will not be disturbed except on clear showing of error.

3. Fraud is never presumed. While it may be inferred from circumstances, these must be of a character clearly convincing the judicial mind in order to support the charge of an offence closely akin to crime.

APPEAL from the Twelfth District Court, Parish of Grant. *Coco, J.*

---

*Hunter & Hunter* for Plaintiff and Appellant:

When conspiracy is charged, several defendants may be made parties in the same suit, and the petition may allege separate acts of malfeasance in each. Clements vs. Wafer, 12 An. 599.

So when fraud and conspiracy are charged against several defendants. Williams vs. Hathorn, 14 An. 625.

Plaintiff may join in the same petitory action all parties who pretend to own any portion of the tract sought to be recovered. Derbes vs. Romoro, 28 An. 644.

ON ESTOPPEL.—An action for the revendication of succession property can not be grafted on an opposition to an account of an administrator. One can not be estopped by not doing what he is forbidden to do. L. W. Carthy vs. J. D. Kerr, Administrator, 15 An. 228; Succession Amelia Sanchez, 41 An. 504; Succession Susan A. Scott, 41 An. 68.

Allegations in previous suit, ending in non-suit, and leaving the parties in the same position, can not form estoppel. Smith vs. Harrell, 16 An. 190.

Acquiescence in a judicial sale to prevent a party from claiming immovable property ought to be very clearly shown. Poché vs. Theriot, Sheriff, 23 An. 138.

Heirs are not bound by receipts given by them to executors, without knowledge of the fraud which has been perpetrated by the latter. Michard vs. Girard, 4 Howard N. S. R. 503.

A judicial partition and subsequent acts of the parties, the judgment having become final, acts based on error of fact can not form estoppel. Chatenond vs. Hebert, 30 An. 405.

A party is not estopped by his pleading when the averment was made without knowledge of the real fact underlying the controversy—especially when that real fact was within the knowledge of the adverse party. Watkins vs. Cathorn, 33 An. 1194.

One who opposes every item of an administrator's account can not be said to ratify a certain adjudication of property, the proceeds of which are sought to be distributed by the account. Succession of Henry Tabary, 31 An. 409.

"The doctrine of estoppel, however apparently emphatic, is full of exceptions, which vary according to circumstances, and was never designed to apply to a case like the instant one, in which the declaration made has led no one astray, and occasioned damage to nobody." Stockmeyer vs. Oertling, 38 An. 102; Succession Harris, 39 An. 443.

"The Supreme Court of the United States has said: 'The primary ground of the doctrine is that it would be a fraud in a party to assert what his previous conduct had denied, when, on the faith of that denial, others had acted. The element of fraud is essential either in the intention of the party estopped. or in the effect of the evidence which he attempts to set up.'" Brant vs. Virginia, 93 U. S. 335; quoted in 39 An. 443.

A party is not estopped as agent by admissions made individually. DePoret vs. Gusman, 30 An. 933.

The fact that a person was present at a sale, without objecting, does not waive informalities. Humphries vs. Brown, 19 An. 159.

---

*T. H. Thorpe* and *Andrew Thorpe* for Defendants and Appellees:

1. The burden of proof is upon him who alleges fraud. Parol testimony of extrajudicial admissions by a party since deceased is the weakest kind of evidence.

2. The statutory prohibition against purchases by administrators of successions of the property thereof is in favor of creditors and heirs; and therefore the nullity of such purchases is not so absolute that they can not be ratified or acquiesced in by the interested parties. 33 An. 598.

3. One who claims the proceeds of a judicial sale thereby makes a judicial admission that the sale was valid. He is therefore estopped from attacking the sale as a nullity, unless he proves that his admission was made through error of fact. 31 An. 100; Ibid. 469; 32 An. 121; Ibid. 962; Ibid. 979; 6 So. Rep. 536; 40 An. 186; 42 An. 522; R. C. C., Art. 2291.

4. The discontinuance of a suit does not divest the averments of the petition of the force of judicial admissions. 31 An. 81; Ibid. 104.

---

The opinion of the court was delivered by

FENNER, J. The plaintiff sues as the legal representative of the succession of William S. Calhoun, deceased, and as tutrix of his only surviving child and sole heir.

The petition avers that William S. Calhoun was the sole heir of his father, Meredith Calhoun; that he had accepted his succession unconditionally and been put in possession by a decree of court; and that Howard McKnight was administrator of the succession of Meredith Calhoun from May, 1882, to the date of his acceptance of the said succession, January 29, 1887, and that W. S. Calhoun died January 4, 1891.

Calhoun vs. McKnight et al.

Howard McKnight, as administrator, secured orders and provoked three succession sales of the lands of the succession of Meredith Calhoun, had on the 4th day of November and 2d day of December, 1882, and on the 17th day of February, 1883.

The petition charges that at these several succession sales, while he was administrator, and in violation of his duty and the prohibitory statute, Howard McKnight, having formed a conspiracy and had an understanding with his son-in-law, John H. McNeely, Ludlow McNeely, the brother of J. H. McNeely, and George S. Johnson, through these several persons interposed, purchased the property described in the petition, and which it is sought to recover from his succession and heirs.

The petition then avers the nullity of these sales by reason of said conspiracy and the prohibition of the law, and asks for the restoration of the lands, for judgment for rents and for the value of timber cut from off the pine lands. All parties in interest were made parties and cited.

The district judge gave judgment in favor of the defendants and the plaintiff prosecutes this appeal from that judgment.

The defendants pleaded various estoppels by judicial admissions and by conduct, and also the general issue.

Waiving consideration of the estoppels pleaded, except in so far as the facts on which they are based bear upon the merits, we are clearly of opinion that the case is with the defendants under the general issue.

McKnight, the administrator of Meredith Calhoun's succession, was not a bidder or an adjudicatee at the sale made therein.

The property was adjudicated to John H. McNeely, Ludlow McNeely and George S. Johnson (who acted for himself and his father, John W. Johnson, jointly, receiving title in their joint names), persons entirely competent to buy at the sale.

The plaintiff's case rests upon the charge that these adjudicatees were mere nominal purchasers, interposed by McKnight to evade the prohibition of the law against such purchases by administrators and to acquire the property in their names, but for his account and benefit.

This charge rests upon the testimony of two witnesses detailing conversations had with McKnight and with John H. McNeely before

37*

and after the date of the sale. These conversations are said to have taken place out of the presence of any third person. At the date of testifying McKnight had been dead for several years, and the statements as to him could not be contradicted. McNeely, however, testified, squarely denying the statements attributed to him and vindicating thoroughly the reality and honesty of his purchase.

J. W. Johnson, a venerable man of eighty-four years, also testified, denying any interest or concern of McKnight in the joint purchase made by him and his son, and declaring the absolute reality and honesty of their action.

If McNeely is believed, the evidence of the two opposing witnesses falls under the principle, *falsus in uno falsus in omnibus.*

Witnesses are to be weighed, not counted. We do not know these persons who thus contradict each other. The district judge, presumably, does know them. He evidently gave credence to the witnesses of defendants, and there is nothing in this record that would justify us in disturbing his conclusion in a matter on which he had so much greater advantages for judging than we have.

Moreover, it has passed into an axiom of the law of evidence that parol testimony as to extra judicial admissions made by a dead man, out of the presence of others, is the weakest kind of evidence.

It further appears, from the statement of these witnesses themselves, that they communicated the substance of these reported conversations to William S. Calhoun, the author of these plaintiffs, and the little reliance he placed upon them is illustrated by the fact that, instead of acting on them, he, in many ways not necessary here to recite, recognized the validity of these sales, and that, though informed of every fact now relied on to support this charge of fraud, he died without taking any steps to attack or impugn them.

Outside of the testimony of these witnesses, all other circumstances relied on by plaintiff in support of her theory, are readily explicable on grounds entirely consistent with the honesty of the transactions attacked.

Fraud is never presumed. While courts recognize the cunning concealment in which it shrouds its devious practices and the difficulty of tracing it by direct proof, and, therefore, give due weight to all circumstances indicating its existence, yet such circumstances must be of a character to convince the mind clearly before they can support a conviction of such an offence almost akin to crime.

We rise from a careful study of this record without feeling any such conviction in the present case and satisfied that the judgment appealed from accords with the law and the evidence.

Judgment affirmed.