**JOSE L. PEREZ, Appellant**

v.

**GERALD EUGENE WEIGERS, Appellee**

Terr. Ct. No. 91/1987
Dist. Ct. No. 155/1989

District Court of the Virgin Islands
Appellate Division

October 12, 1990

RUSSELL B. JOHNSON, ESQ., St. Croix, V.I., *for appellant Perez*

WILFREDO A. GEIGEL, ESQ., St. Croix, V.I., *for appellee Weigers*

BROTMAN, *Acting Chief Judge*

On Appeal from the
Territorial Court of the Virgin Islands

BEFORE: STANLEY S. BROTMAN, *Acting Chief Judge*, District Court of the Virgin Islands, Judge of the United States District Court for the District of New Jersey, Sitting By Designation, JOSEPH J. FARNAN, JR., *Judge* of the United States District Court for the District of Delaware, Sitting by Designation, and IVE A. SWAN, *Judge* of the Territorial Court of the United States Virgin Islands.

## OPINION OF THE COURT

This is an appeal from an award in a personal injury action arising out of an automobile accident caused by Gerald Eugene Weigers, who was intoxicated at the time of the accident. Jose L. Perez, plaintiff, was awarded $500 in compensatory damages and $1,000 in punitive damages after a bench trial. Perez now appeals and raises the following two issues:

1. The $1,000 in punitive damages was inadequate; and

2. V.I. Code. Ann. tit. 5, § 541, which prohibits the award of attorney's fees in personal injury actions, violates the equal protection clause.

For the foregoing reasons, the Court finds that neither issue has any merit.

## I. FACTS AND PROCEDURE

This lawsuit was filed as a result of an automobile accident in which Perez, who was sitting in a parked car, was hit by a car driven by Weigers. The case was set for trial but was unable to proceed because "the status of the parties was not yet defined." Brief of Appellant at 5.[1] Thereafter, a bench trial commenced before Judge

---

[1] Appellee has moved to dismiss the appeal from appellant's failure to append the trial transcript. Fed. R. App. P. 10(b). Appellee has filed no brief in opposition, however, and appeared at oral argument only to inform the Court of the out-

George S. Eltman who was forced to recuse himself before the completion of the trial. A trial was then held before Judge Eileen R. Petersen, and a judgment was entered in the amount of $15,000. That was set aside, however, because "certain questions on written interrogatories were not properly answered by the Plaintiff." Brief for Appellant at 5. After defendant's motion for recusal was denied, a new trial was held.

The trial court made the following detailed findings in an oral opinion rendered from the bench:

> The court finds from the credible evidence that the plaintiff was sitting in a parked car when the vehicle, driven by the defendant, as he stated rammed into the back of the vehicle; the vehicle then zig zagged across the street in the vicinity of Richmond. The vehicle then continued moving in the area of Menchos; that the police officer took the defendant to the police station and to the hospital; that the police officer testified that he observed the defendant's face was red; that there was an odor of alcohol on his breath; that his speech was slurred; and in his opinion the defendant was intoxicated.
>
> Mr. Perez testified that he observed that the defendant was saying things, and looked like he was drunk; that he smelled liquor on his breath.
>
> Mr. Perez testified that and there is no dispute, that when he felt the impact he felt pain to his neck and he immediately began to wear a neck collar. In his testimony he testified that he wore a neck collar for seven or eight months, however, he also testified that he had pain from that incident for approximately three months after the accident.
>
> With the direct circumstances I have, the court has concluded that the plaintiff has made out a case by a preponderance of the evidence for negligence, and that such negligence was the proximate cause of the injuries to the plaintiff constituting pain to the neck. The issue then becomes did this injury to the neck aggravated by any previous injury, or was it the previous injury that

---

standing motion to dismiss. Although neither error passes unnoticed, and the neglect of both parties has made it more difficult for the Court to discern what transpired below, the Court recognizes the strong policy in favor of addressing the merits of an appeal. Moreover, in this case, the disposition of the issues raised makes it unnecessary to address the motion to dismiss.

required the neck brace, and that required treatment by the doctors?

The court finds that the testimony taken in the light most favorable to the plaintiff only sustains some injury and some pain to the neck and for the period that cannot exceed three months. There has been no testimony as to how aggravating that pain is; no testimony as or by any medical expert as to the intensity and treatment that was made necessary as a result. Therefore, the court finds that Perez, the plaintiff herein is entitled to compensatory damages, would hereby enter an award of $500.00.

Transcript (Feb. 22, 1989) at 2–3.

## II. DISCUSSION

Perez now appeals and claims that the trial court's award of $1,000 in punitive damages was inadequate. Appellant also attempts to present an equal protection argument, the crux of which is that the applicable statute precluded any award of attorneys fees in this personal injury case. Neither argument warrants reversal.

### 1. *Punitive Damages:*

■ Under the Restatement (Second) of Torts, "[p]unitive damages *may* be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts § 908(1) (emphasis added). A plaintiff is not entitled to punitive damages since the purpose of punitive damages is to punish the person who did the wrongful act and to deter others from committing the same wrongful act, and not to compensate injured plaintiffs. See id. at comment a. Thus, "the trier of fact is not required to award punitive damages in a case in which they are permissible, and it is error for a trial judge to instruct the jury that punitive damages must be given." Id. at comment d. The Restatement further observes that "[w]hether to award punitive damages and the determination of the amount are within the sound discretion of the trier of fact, whether judge or jury." Id. at comment d.

■■ In the instant case, there was no abuse of discretion. Although it may well be that the trier of fact could have awarded a greater sum, a plaintiff is not entitled to an award of punitive damages. The amount of compensatory damages—a determination not challenged on appeal—awarded plaintiff was small; an award for pu-

nitive damages equal to twice the compensatory damages was not irrational. Since the punitive damages award must be rationally related to the actual injuries, see Brown v. McBro Planning and Development Co., 660 F. Supp. 1333, 1337 (D.V.I. 1987), there was no abuse of discretion in awarding $1,000 in punitive damages when the award of compensatory damages was $500.

2. *Equal Protection:*

Although it was only at oral argument that counsel for appellant identified the class which has been the target of the alleged discrimination, counsel still has not identified the level of scrutiny to be applied. As there is no indication that personal injury plaintiffs or their lawyers are a suspect class, in the constitutional sense, and as the instant statute is an economic regulation, the classification must be upheld if there is a rational relationship to a legitimate end of government. See Plyler v. Doe, 457 U.S. 202, 216 & n. 14 (1982). See generally 2 R. Rotunda, J. Nowak & J. Young, Treatise on Constitutional Law: Substance and Procedure ch. 15, ch. 18 (1986).

The thrust of appellant's argument seems to be that no award of attorneys fees was made even though appellant was the prevailing party. V.I. Code Ann. tit. 5, § 541 (Supp. 1989) provides in pertinent part:

> The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.

Id. § 541(b) (Supp. 1989).[2]

 Appellant's argument demonstrates a fundamental misunderstanding of the law of attorney's fees in general. Under the

---

[2] Prior to the 1986 amendment, the statute did permit an award of attorney's fees in a personal injury suit:

> The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto.

V.I. Code Ann. tit. 5, § 541 (1967), amended by 1986 V.I. Sess. Laws 5176 § 1(c) (current version codified at V.I. Code Ann. tit. 5, § 541 (Supp. 1989)).

"American Rule," "the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). In amending Section 541, the legislature of the Virgin Islands simply chose to follow the usual rule.

Appellant also ignores that the real import of Section 541 is to protect plaintiff's personal injury lawyers. Personal injury litigation is generally performed on contingent-fee basis; this allows clients who lack the resources to pay for legal representation to obtain counsel, and rewards attorneys who accept such work with a substantial fee—typically one-third of any recovery—for the risk of undertaking work that may bear no financial reward. Section 541 serves to insure that personal injury plaintiffs and their lawyers will not have to pay a prevailing defendant for the defense lawyer's fees. See Dawson, Lawyers and Involuntary Clients: Attorney Fees From Funds, 87 Harv. L. Rev. 1597, 1599 (1974) ("If the shifting to losers of the counsel fee expenses of winners became the general rule and if the rule were to be administered impartially, the assurance that litigants will be relieved of these expenses if they win would carry with it the certainty that their own expense in counsel fees will be doubled if they lose."). Section 541 thus serves to protect plaintiffs, and their lawyers, rather than to favor insurance companies as appellant claims.

■ Accordingly, the statute bears a rational relationship to the legitimate governmental end of preserving access to the courts for indigent litigants who would otherwise lack the resources to pay for an attorney. Appellant's constitutional attack therefore has no foundation.

## CONCLUSION

For the foregoing reasons, the court will deny the motion to dismiss the appeal, and will affirm the judgment of the Territorial Court.

An appropriate order will be entered.

## JUDGMENT OF THE COURT

This matter is before the court on the appeal of Jose L. Perez from the judgment of the Territorial Court of the United States Virgin Islands; and

After a careful review of the record and having considered the submissions of the parties and the arguments of counsel at the hearing held July 11, 1990; and

For the reasons set forth in the Court's opinion of this date;

IT IS on this 12th day of October, 1990

ORDERED that the judgment of the Territorial Court of the United States Virgin Islands is AFFIRMED.

Costs to be paid by appellant.