**Steven J. BERLIN, et al., Plaintiffs,**

v.

**Kenneth PATRICK, Defendant.**

**Civ. A. No. 91–353.**

District Court, Virgin Islands.

June 16, 1994.

Nancy D'Anna, St. John, VI, for plaintiffs.

Kenneth A. Patrick, defendant pro se.

*OPINION*

WOLIN, District Judge.

This matter is before the Court on the application of plaintiffs Steven Berlin and Gordon Alston for attorneys' fees pursuant to title 5, section 541(b) of the Virgin Islands Code ("section 541(b)"). At the conclusion of the trial in this matter, the Court concluded that plaintiffs had successfully proven their defamation claim and that judgment would be entered against defendant Kenneth Patrick. The Court took plaintiffs' application for attorneys' fees under advisement and is now prepared to rule on this outstanding issue.

Section 541(b) provides that a court may include in a judgment an award of attorneys' fees to a prevailing party, but that an "award of attorneys' fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous." V.I.Code tit. 5, § 541(b).

Plaintiffs argue that defamation actions do not come within the statutory term "personal injury cases" and therefore, plaintiffs should be allowed to recover attorneys' fees without the attendant limitations set forth in the statute. The Court must decide whether a defamation action constitutes a personal injury action for the purpose of determining whether attorneys' fees may be awarded here under section 541(b). If the Court finds in the affirmative, plaintiffs may be entitled to an award of fees, but only if they can establish that any defense asserted by defendant was frivolous.

To answer this question, plaintiffs and the Court have found little help from Virgin Islands case law or legislative history. Plaintiffs argue that the term personal injury should be narrowly interpreted to mean harm to a person's physical or mental health. However, it may also be construed broadly to include not only health-related injuries, but infringements of personal rights or interests, including personal reputation which may be damaged by libel or slander. *See* Black's Law Dictionary 786 (6th ed. 1990).

To support their narrow construction of section 541(b), plaintiffs direct the Court's

attention to a concurring opinion written by Justice Scalia in *United States v. Burke,* —— U.S. ——, —— – ——, 112 S.Ct. 1867, 1874–76, 119 L.Ed.2d 34 (1992). In *Burke,* the Supreme Court sought to determine whether back pay awards in settlement of Title VII claims fell within the federal tax provision that excluded from gross income any damages received on account of personal injuries. Specifically, the statute excluded "damages received on account of personal injury or sickness." 26 U.S.C. § 104(a)(2).

In his concurring opinion, Justice Scalia acknowledged both the narrow and broad conceptions of "personal injury" but concluded that the narrow interpretation should apply given the language surrounding the term within the statute. *See Burke,* —— U.S. at ——, 112 S.Ct. at 1875 (stating that based upon the inclusion of the word sickness, it is "odd to believe that the first part of the phrase 'personal injuries or sickness' encompasses defamation, as it would be to believe that the first part of the phrase 'five feet, two inches' refers to pedal extremities").

This Court does not find the *Burke* concurrence persuasive. Plaintiffs seize upon Justice Scalia's fortuitous use of defamation in his discussion of the federal tax code. Justice Scalia's views on the definition of personal injury must be limited to the particular use of the term in 26 U.S.C. § 104(a). Even if the Court were to adopt Scalia's approach to statutory interpretation in *Burke,* there is nothing, no surrounding language, in section 541(b) to suggest that the term should be interpreted to mean only physical or mental injuries.

The Court also notes that principles of the common law, as set forth in the restatements of law published by the American Law Institute, provide, where applicable, the rules of decision in the courts of the Virgin Islands. *See* V.I.Code Ann. Preface at xii (Equity 1st ed. 1957). The Restatement (Second) of Torts defines the term "injury" as "the invasion of any legally protected interest of another." Restatement (Second) of Torts § 7 (1965). *See also Niedermayer v. Adelman,* 90 B.R. 146, 147–49 (D.Md.1988) (citing section 7 of the Restatement (Second) of Torts and concluding that injury to reputation con-

stituted "injury to person"). Defamation and the ensuing injury to reputation comes within broad definition of "injury" found in the Restatement.

Plaintiffs also argue that section 541(b)'s clause concerning personal injury was designed to protect personal injury plaintiffs and their lawyers, who generally take such cases on a contingency basis. *See Perez v. Weigers,* No. 155–1989, 1990 WL 181171, at * 3, 1990 U.S. Dist. LEXIS 14849, at * 8 (V.I. Oct. 12, 1990). According to plaintiffs, section 541(b) creates incentives for indigent clients to hire lawyers on a contingency basis to pursue personal injury cases without the fear of paying defense counsel fees should their claims prove unsuccessful. Because this is not a case taken on contingency, plaintiffs argue, the statute's purpose is not served by treating this action as a personal injury case and denying the application for fees.

The terms of section 541(b) do not limit the exclusion of fee awards to personal injury actions taken on contingency. The plain language of the statute reads that there shall be no award of attorneys' fees in personal injury cases unless the complaint or a defense is shown to be frivolous. Plaintiffs have not persuaded the Court that the definition of personal injury, as the term is used in section 541(b), should exclude defamation and the injury to reputation. In addition, plaintiffs have not attempted to establish that any defense asserted by defendant was frivolous. Accordingly, the Court finds that plaintiffs are not entitled to an award of attorneys fees under section 541(b).

An appropriate Order and Judgment is attached.

### *ORDER AND JUDGMENT*

In accordance with the Court's Opinion filed herewith,

It is on this 16th day of June, 1994,

ORDERED and ADJUDGED that:

1. In accordance with the Court's ruling from the bench on July 1, 1993, judgment shall be entered against defendant Kenneth Patrick.

2. Compensatory damages are awarded in the amount of (a) One Dollar ($1.00) to plaintiff Steven J. Berlin, and (b) One Dollar ($1.00) to plaintiff Gordon Alston. In addition, punitive damages are awarded in the amount of (a) Twenty–Five Thousand Dollars ($25,000.00) to plaintiff Steven J. Berlin, and (b) Twenty–Five Thousand Dollars ($25,-000.00) to plaintiff Gordon Alston.

3. The application of plaintiffs for an award of attorneys' fees pursuant to title 5, section 541(b) of the Virgin Islands Code is denied.