**MIKEY KALLOO and HARRY DIPCHAN, Appellants/Petitioners**
**v.**
**THE ESTATE OF EARL L. SMALL, JR., Appellee/Respondent**

S. Ct. Civil No. 2013-0094

Supreme Court of the Virgin Islands

March 27, 2015

LEE J. ROHN, ESQ., Lee J. Rohn & Associates, LLC, St. Croix, USVI, *Attorney for Appellants*.

ROBERT A. WALDMAN, ESQ., Hamm Law Firm, St. Croix, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(March 27, 2015)

CABRET, *Associate Justice*. The appellants, Mikey Kalloo and Harry Dipchan, appeal from an order of the Appellate Division of the Superior Court affirming an order entered by the Magistrate Division, which

granted a motion for attorney's fees and costs on appeal filed by the estate of Earl L. Small, Jr. For the reasons that follow, we reverse the Appellate Division's October 4, 2013 opinion and order affirming the fee award order of the magistrate and remand this case for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2007, the appellants filed a lawsuit against Small to recover personal injury damages resulting from a car accident on St. Croix in November 2006. *In re Estate of Small*, 57 V.I. 416, 419 (V.I. 2012). After Small subsequently died in a helicopter accident, his widow filed a petition to admit his will to probate on December 2, 2008. *Id.* Approximately one year later, on December 18, 2009, the Superior Court finalized the distribution of Small's estate. *Id.* at 420. But, on January 13, 2010, the appellants moved to set aside the final distribution because they claimed they had not received actual notice of the commencement of probate proceedings and accordingly had failed to timely submit their personal injury claim to the administrator of Small's estate. *Id.* Although the magistrate initially granted the motion to set aside the final distribution, the magistrate subsequently granted the estate's motion to reconsider that ruling and permitted the December 18, 2009 final distribution to proceed, concluding that the appellants had received actual notice of the commencement of probate proceedings. *Id.* at 420-21.

On November 10, 2010, the Appellate Division of the Superior Court affirmed the decision of the magistrate, and the appellants appealed to this Court. *Id.* at 421. In this Court's September 17, 2012 opinion, we concluded that the magistrate did not commit clear error in determining that the appellants received actual notice of the commencement of probate proceedings. *Id.* at 432. After we affirmed the Appellate Division's order, the estate moved for attorney's fees and costs incurred on appeal to this Court pursuant to Virgin Islands Supreme Court Rule 30(a). We denied the estate's motion for attorney's fees and costs without prejudice, permitting the estate to re-file the motion in the Superior Court for a determination of whether the estate was entitled to attorney's fees and costs on appeal.[1]

---

[1] Under the rules of this Court, "if a party seeks attorney's fees as among the costs to be taxed, the amount of attorney's fees to be awarded — if any — shall be determined by the Superior

575

On October 1, 2012, the estate re-filed its motion for attorney's fees and costs before the Magistrate Division, requesting $24,811.81.[2] The appellants opposed the motion, arguing that the estate was not entitled to attorney's fees because the civil action that formed the basis of the probate dispute was a personal injury case, for which title 5, section 541 of the Virgin Islands Code prohibits an award of attorney's fees absent a finding of frivolousness. In addition, the appellants urged the court to exercise its discretion to deny the estate's motion for attorney's fees because they would be unable to pay.

On January 30, 2013, the magistrate granted the estate's motion and ordered the appellants to pay the full amount of attorney's fees and costs. The magistrate determined that because the matter arose from a "probate action" and not a personal injury action, an award of attorney's fees was allowed under section 541. Additionally, the magistrate declined to consider the appellants' financial condition when making the award, holding that there "is no authority" for a magistrate to consider their ability to pay when fashioning an award of attorney's fees and costs. The appellants appealed this order to the Appellate Division of the Superior Court, and on October 4, 2013, the Appellate Division affirmed the magistrate's order, finding that "the action before the magistrate was based in [p]robate" and was not a personal injury case. The Appellate Division also concluded that while the magistrate could "have considered [the appellants'] ability to pay attorney's fees in [fashioning its] award, [it] was not required, as a matter of law, to do so." The appellants filed a timely notice of appeal on October 28, 2013.

## II. JURISDICTION

We have jurisdiction over this appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by

---

Court on remand." V.I.S.CT.R. 30(b); *see also Beachside Assocs., LLC v. Fishman*, 54 V.I. 418, 421-22 (V.I. 2010).

[2] The estate's bill of costs itemized attorney's fees in the following manner: $23,925.00 total fees for services rendered by Attorney Waldman; $450.00 total fees for services rendered by Attorney Hamm; resulting in a total of $24,375.00 in attorney's fees. The total amount of costs requested was $436.81. Accordingly, the estate moved for attorney's fees and costs of $24,811.81.

law." Because the Appellate Division's October 4, 2013 opinion and order, affirming the magistrate's January 30, 2013 order, fully adjudicated the issue of attorney's fees and costs, it is a final order, and therefore we have jurisdiction over this appeal. *In re Guardianship of Smith*, 58 V.I. 446, 449 (V.I. 2013).

## III. DISCUSSION

The appellants argue, as they did before the Appellate Division, that because the matter arose from a personal injury case, an award of attorney's fees in this case is prohibited by 5 V.I.C. § 541(b). They also argue that the Appellate Division erred by failing to remand the matter once it concluded that the magistrate could have considered their ability to pay.

### A. Attorney's Fees

■ The appellants argue that the Appellate Division should have reversed the award of attorney's fees because the probate matter arose from a personal injury case and attorney's fees were therefore prohibited under the personal injury exception in section 541(b). When reviewing decisions of a judge of the Appellate Division of the Superior Court, we consider the underlying rulings made by the magistrate only to the extent that the Appellate Division affirmed them. *Maso v. Morales*, 57 V.I. 627, 632 (V.I. 2012) (citing *Browne v. Gore*, 57 V.I. 445, 453 n.5 (V.I. 2012)). In most cases, we will decline to look past the Appellate Division's decision and will not review the underlying rulings of the magistrate directly out of consideration for the "unique relationship" between the Magistrate and Appellate Divisions of the Superior Court. *Browne*, 57 V.I. at 453 n.5. Because this case concerns the availability of attorney's fees on appeal to this Court, Supreme Court Rule 30(a) governs, and we apply plenary review to the Appellate Division's legal determination that the magistrate properly awarded attorney's fees and costs to the estate under this rule. *In re Estate of George*, 59 V.I. 913, 919 (V.I. 2013) (this Court applies plenary review to the Appellate Division's legal conclusions); *King v. Appleton*, 61 V.I. 339, 345 (V.I. 2014) (this Court reviews the Superior Court's construction of a court rule *de novo*).

Supreme Court Rule 30 provides that "reasonable costs, which may include attorney's fees, shall be taxed against" the losing party in proceedings before this Court, but "if a party seeks attorney's fees as

among the costs to be taxed, the amount of attorney's fees to be awarded — if any — shall be determined by the Superior Court on remand." V.I.S.Cт.R. 30(a)-(b). And since "this Court will not award on appeal what is strictly unavailable at the trial level," the availability of attorney's fees under Rule 30 turns on whether the estate would have been entitled to an award of attorney's fees if those costs had been incurred in proceedings before the magistrate. *Williams v. United Corp.*, S. Ct. Civ. No. 2007-0118, 2009 V.I. Supreme LEXIS 1, *6 (V.I. Jan. 7, 2009) (unpublished).

 Costs awards in probate proceedings in the Magistrate Division are governed by section 165 of title 15 of the Virgin Islands Code, which provides that with respect to probate proceedings,

> costs may be awarded in favor of one party against another, to be paid personally or out of the estate or fund, in any proceedings contested adversely. Such costs shall not exceed those allowed in the trial of a civil action in the [Superior Court].[3] Witness fees and other disbursements similar to those allowed on the trial of a civil action may also be allowed, to be paid in like manner.

15 V.I.C. § 165. "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed." *In re Reynolds*, 60 V.I. 330, 334 (V.I. 2013) (quoting *Kelley v. Gov't of the V.I.*, 59 V.I. 742, 745 (V.I. 2013)). Although section 165 does not explicitly list "attorney's fees" as a recoverable cost in probate proceedings, its plain language permits "costs . . . and other disbursements similar to those allowed on the trial of a civil action" in the Superior Court. The award of costs "allowed on the trial of a civil action" in the Superior Court is in turn governed by 5 V.I.C. § 541, providing that "[c]osts which may be allowed in a civil action [in the Superior Court] include . . . [a]ttorney's fees," which "shall be allowed to the prevailing

---

[3] Although 15 V.I.C. § 165 continues to refer to "the district court," the Legislature granted "original jurisdiction . . . to supervise and administer estates" to the Superior Court effective October 1, 1991. *See* 4 V.I.C. § 76(a). Therefore, the reference to "the district court" in section 165 — like all references to the District Court in the Virgin Islands Code enacted before the Legislature adopted 4 V.I.C. § 76 — "ha[s] been implicitly repealed." *In re Reynolds*, 60 V.I. 330, 333 n.3 (V.I. 2013) (citing *In re Rogers*, 57 V.I. 553, 558 n.1 (V.I. 2012)).

party . . . as the court in its discretion may fix by way of indemnity for . . . maintaining the action or defenses thereto." 5 V.I.C. § 541(a)-(b).[4]

■ By generally allowing a prevailing party to recover attorney's fees, section 541 serves as an exception to the "American Rule" against shifting fees to the losing party, which serves as the general rule in most United States jurisdictions.[5] *Compare Alyeska Pipeline Serv. Co. v.*

---

[4] Section 541 provides as follows:

> (a) Costs which may be allowed in a civil action include:
>> (1) Fees of officers, witnesses, and jurors;
>> (2) Necessary expenses of taking depositions which were reasonably necessary in the action;
>> (3) Expenses of publication of the summons or notices, and the postage when they are served by mail;
>> (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure;
>> (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and
>> (6) Attorney's fees as provided in subsection (b) of this section.
> (b) The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.
> (c) For the purposes of this section, 'frivolous' means:
>> (i) without legal or factual merit; or
>> (ii) for the purpose of causing unnecessary delay; or
>> (iii) for the purpose of harassing an opposing party.

5 V.I.C. § 541.

[5] This rule is typically traced back to 1796, when the United States Supreme Court declined to create a judicial rule allowing the award of attorney's fees to the prevailing party in federal courts in the absence of legislation. *Arcambel v. Wiseman*, 3 U.S. (3 Dall.) 306, 1 L. Ed. 613 (1796) ("The general practice of the United States is in opposition to [awarding attorney's fees] . . . and . . . that practice . . . is entitled to the respect of the court, till it is changed, or modified, by statute."); *see* John Leubsdorf, *Toward a History of the American Rule on Attorney Fee Recovery*, 47 LAW & CONTEMP. PROBS. 9, 15 (1984) ("Arcambel is cited as recognizing a general rule that attorney fees are not recoverable in the absence of legislation."). The United States Supreme Court "has consistently adhered to that early holding," explaining that "it would be inappropriate for the Judiciary, without legislative guidance, to reallocate the burdens of litigation," and almost all United States jurisdictions have followed suit. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247-50, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). And while numerous federal and state statutes provide exceptions to the American Rule, most commonly in civil rights statutes, *see, e.g.*, 42 U.S.C. § 1988; CAL.

*Wilderness Soc'y*, 421 U.S. 240, 257, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975) (under the "long-standing" American Rule, absent contractual or statutory provisions to the contrary, a prevailing party is not entitled to attorney's fees), *with Prosser v. Prosser*, 40 F. Supp. 2d 663, 671, 40 V.I. 241 (D.V.I. App. Div. 1998) ("In the courts of the Virgin Islands . . . the American Rule against shifting fees to the losing party does not apply."), *rev'd on other grounds by* 186 F.3d 403 (3d Cir. 1999). Although section 541 expressly permits a prevailing party in a civil action to recover attorney's fees, it prohibits attorney's fees awards "in personal injury cases . . . unless the court finds that the complaint filed or the defense is frivolous." 5 V.I.C. § 541(b). The Virgin Islands Legislature added the prohibition against awarding attorney's fees in personal injury cases to section 541(b) in 1986 to "protect plaintiffs' personal injury lawyers" from "hav[ing] to pay a prevailing defendant for the defense lawyer's fees." *Perez v. Weigers*, 25 V.I. 379, 384 (D.V.I. App. Div. 1990).

█ And since an "award of attorney's fees in [a] personal injury case[] is prohibited" in a non-frivolous civil action before the Superior Court by section 541(b), it follows that when the underlying claim that formed the basis of a dispute in probate arises from a personal injury action, an award of attorney's fees would similarly be prohibited by section 165, and in turn be prohibited under Supreme Court Rule 30, since "this Court will not award on appeal what is strictly unavailable at the trial level." *Williams*, 2009 V.I. Supreme LEXIS 1 at *6.

The estate argues that section 541(b)'s personal injury exception does not apply to the award of attorney's fees in this case because the appeal at issue arose from a "probate case," governed "by probate law," which bore no relationship to the underlying personal injury case. But by referring to the prior underlying dispute as a "probate case," the estate confuses the difference between a specific cause of action (for example, a "personal injury case") and the forum in which a proceeding takes place ("probate court"). *Compare* BLACK'S LAW DICTIONARY 251 (9th ed. 2009) (defining a "cause of action" as "[a] group of operative facts giving

---

GOV. CODE § 12965(b), it does not appear that any other jurisdiction has abrogated the rule against shifting fees to the losing party in civil cases to the extent the Virgin Islands has through 5 V.I.C. § 541. *See generally* Symposium, *State Attorney Fee Shifting Statutes: Are We Quietly Repealing the American Rule?*, 47 LAW & CONTEMP. PROBS. 321, 325 (1984) (surveying state fee-shifting statutes and estimating that there were at least 1,974 state fee-shifting statutes across the United States).

rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person"), *with id.* at 410 (defining a "probate court" as "[a] court with the power to . . . oversee the administration of estates"), *and id.* at 1321 (defining "probate" as "[t]he judicial procedure" for administering estates). And a closer look at how claims are decided in probate proceedings demonstrates that the nature of the underlying claim is often pertinent to the adjudication of the probate dispute.

■ Indeed, when read in the context of chapter 23 of title 15, governing the procedure for presenting claims in probate, it is apparent that the substantive law of the underlying claim (contract, tort, personal injury, etc.) is critical to the outcome of the dispute in probate. For instance, although a claimant seeking to have a claim recognized in probate must initially present the claim to the executor of the estate, if the executor rejects the claim, *see* 15 V.I.C. § 394, the claimant may then "present [the] claim to the [probate] court" for an adjudication of the underlying claim in a "summary manner." 15 V.I.C. § 395. If the claimant then presents the claim to the magistrate overseeing the probate matter, to "hear and determine" the claim, the magistrate can weigh evidence, hear testimony, and ultimately enter an order "allow[ing] or reject[ing]" the claim. *Id.* ("No claim which has been rejected by the executor . . . shall be allowed by the court, except upon some competent or satisfactory evidence other than the testimony of the claimant."); *see generally Ottley v. Estate of Bell* 61 V.I. 480, 488-491 (V.I. 2014). Thus, in determining whether the underlying claim for money damages should be taxed against the estate in probate, the magistrate must necessarily consider the merits of the underlying claim and apply the substantive law governing its resolution. *See, e.g., In re Estate of Wright*, 192 F. Supp. 812, 814-16, 4 V.I. 291 (D.V.I. 1961) (applying the substantive law of adverse possession to resolve a probate dispute).

■ In this case, the appellants sought to have their pending[6] personal injury claim recognized in the probate of Small's estate. And even though the estate correctly points out that the magistrate in this case "made no

---

[6] The appellants filed a personal injury lawsuit in the Superior Court on January 19, 2007, docketed as Super. Ct. Civ. No. 30/2007 (STX). At the time of the proceedings in probate, this lawsuit was still pending in the Superior Court.

determination regarding causation, liability, or personal injury damages,"[7] there are circumstances where a magistrate will be required to determine these issues in the context of a contested proceeding in probate. *See In re Estate of Joseph*, 141 F. Supp. 865, 867, 3 V.I. 207 (D.V.I. 1956) (applying the substantive law of contract to resolve a probate dispute). Indeed, if the appellants had timely presented their claim in probate, the magistrate would have been required to address the merits of the appellants' pending personal injury case by ultimately deciding, "in a summary manner," whether, according to the law of personal injury, the appellants' claim should have been allowed in the probate of Small's estate.[8] Accordingly, because costs in probate proceedings "shall not exceed those allowed in the trial of a civil action" under section 165, and an award of attorney's fees for a non-frivolous personal injury claim is prohibited in the trial of a civil action by 5 V.I.C. § 541(b), such an award is likewise prohibited in probate proceedings and on appeal from probate proceedings by operation of Supreme Court Rule 30.

■ This plain language reading of section 165 is consistent with the Oregon Supreme Court's interpretation of an identical Oregon statute,[9]

---

[7] As we noted in *In re Estate of Small*, 57 V.I 416, 420-21 (V.I. 2012), the appellants were unable to present their claim to the magistrate because they failed to timely present their claim to the administrator of Small's estate prior to its final distribution, in accordance with 15 V.I.C. §§ 391-398, and instead filed a motion, approximately one month after the magistrate issued the final order, to set aside the final distribution of the estate's assets. *Estate of Small*, 57 V.I. at 420. Accordingly, the subsequent litigation resulting in the first appeal concerned only whether the appellants had received actual notice of the commencement of probate in this case.

[8] While it is sufficient to simply "present a certified copy of the judgment" obtained "against the deceased in his lifetime" to "the executor . . . for allowance or rejection," 15 V.I.C. § 397, when a party seeks to have a debt contingent on a judgment not yet obtained recognized in probate, it must "present[] [the claim] as any other claim," 15 V.I.C. § 392, which, if allowed, may be satisfied "by the payment into court for the benefit of the creditor, subject to the contingency" of the expected judgment. 15 V.I.C. § 425.

[9] *Compare* OR. LAWS tit. XVI, § 1137 (1910) (superseded) ("Costs may be awarded in favor of one party against another, to be paid personally or out of the estate or fund, in any proceedings contested adversely, but such costs cannot exceed those allowed in the trial of a civil action in the county court. Witness' fees and other disbursements similar to those allowed on the trial of a civil action may also be allowed, to be paid in like manner. Orders or decrees for the payment of money may be enforced by execution, or otherwise, in the same manner as orders or decrees for the payment of money in the circuit court."), *with* 15 V.I.C. § 165 ("With respect to matters to which this chapter relates, costs may be awarded in favor of one party against another, to be paid personally or out of the estate or fund, in any proceedings contested

which we may look to for persuasive authority. *Brady v. Cintron*, 55 V.I. 802, 815-16 (V.I. 2011). The Oregon court similarly interpreted its statute as limiting a costs award in probate to the amount available "in an ordinary action for money [in the trial court]." *In re Estate of MacMullen*, 117 Ore. 505, 244 P. 664, 665 (1926) ("This section places contested claims against an estate in the same class as other money demands [and the claimants] stand in the shoes of plaintiffs in an ordinary action for money.").

■ This plain language interpretation is also consistent with the policy behind the Legislature's addition of the personal injury exception to section 541(b) in 1986, namely to "preserv[e] access to the courts for indigent litigants" seeking to bring personal injury suits. *Perez*, 25 V.I. at 384. Indeed, permitting a prevailing party in probate to recover attorney's fees when the underlying claim arose from a personal injury case would have the effect of eliminating, at least in part, the protection of the personal injury exception when the defendant in a personal injury case dies prior to the resolution of the claim. Such a policy could potentially dissuade plaintiffs from pursuing their personal injury cases in probate after the death of the defendant in the pending personal injury case for fear that they may be forced to pay the estate's attorney's fees if they do not prevail in the probate proceedings. Accordingly, the Appellate Division erred when it affirmed the magistrate's award of attorney's fees to the estate.[10]

## B. Costs

■ The appellants also argue that the Appellate Division erred when it failed to remand the matter after it held that the magistrate had the authority to consider their ability to pay when determining attorney's fees and costs. While attorney's fees awards in non-frivolous personal injury cases are prohibited by 5 V.I.C. § 541(b) as applied through 15 V.I.C.

---

adversely. Such costs shall not exceed those allowed in the trial of a civil action in the [Superior Court]. Witness fees and other disbursements similar to those allowed on the trial of a civil action may also be allowed, to be paid in like manner.").

[10] Although section 541(b) generally prohibits an award of attorney's fees to the prevailing party in personal injury cases, it does not prohibit such an award if "the court finds that the complaint filed or the defense is frivolous." However, since the estate does not assert that the appellants' pending personal injury case in the Superior Court is in any way "frivolous" within the meaning of section 541(c), that issue has been waived. V.I.S.Ct.R. 22(m).

§ 165 — and by extension Supreme Court Rule 30 — the same is not true for costs awards. *See* 5 V.I.C. § 541(b). And since we have already established that attorney's fees were not available in this case, we consider only whether the Appellate Division erred in affirming the magistrate's award of other costs.

 Although the appellants do not challenge the reasonableness of the costs awarded in this case,[11] we note that in order to be valid, costs awards must be "reasonable." V.I.S.Ct.R. 30(a). In fashioning a reasonable costs award, the magistrate stated that there was "no authority" to consider the appellants' ability to pay. And while the Appellate Division concluded that the magistrate "[could] have considered" the appellants' ability to pay, it also held that the magistrate "committed no error in [its] application of law." Since "[t]he mode of proceeding in . . . probate matters is in the nature of a suit in equity," we agree with the Appellate Division that the magistrate had the authority to consider the appellants' ability to pay when devising an award of costs.[12] 15 V.I.C. § 162; *see also United States v. Price*, 688 F.2d 204, 211 (3d Cir. 1982) ("A court of equity has traditionally had the power to fashion any remedy deemed necessary and appropriate to do justice in [a] particular case."). The Appellate Division erred, however, when it failed to remand the

---

[11] Although we need not address here the appropriate standard to apply when determining reasonable attorney's fees, we note that attorney's fees awards should represent " 'a fair and *reasonable* portion of . . . [the] attorney's fees incurred in the prosecution or defense of the action, and not [necessarily] the whole amount charged by the attorney.' " *Estien v. Christian*, 507 F.2d 61, 63, 11 V.I. 464 (3d Cir. 1975) (applying the "lodestar" test in determining the reasonableness of attorney's fees under section 541) (quoting *Lucerne Investment Co. v. Estate Belvedere, Inc.*, 411 F.2d 1205, 1207, 7 V.I. 242 (3d Cir. 1969)) (emphasis added). Not only did the magistrate fail to explain why awarding the whole amount charged by the attorney in this case was reasonable, but the magistrate provided no explanation of why its costs award was reasonable. Although the magistrate — like any trial judge — has discretion in determining reasonable attorney's fees and costs, we note that "meaningful review . . . is not possible where the trial court fails to sufficiently explain its reasoning." *James v. Faust*, 62 V.I. 554, 559 (V.I. 2015) (quoting *In re Q.G.*, 60 V.I. 654, 660 (V.I. 2014)); *see also Rieara v. People*, 57 V.I. 659, 668 (V.I. 2012) (reversing and remanding for "the trial court to more thoroughly explain its reasons" for denying a reduction of bail).

[12] Because probate proceedings are equitable in nature, we do not determine here whether a party's inability to pay can be taken into consideration in non-equity proceedings under 5 V.I.C. § 541. *See Cacciamani & Rover Corp. v. Banco Popular*, 61 V.I. 247, 252 n.3 (V.I. 2014) (explaining the distinction between law and equity) (quoting *Tutein v. Arteaga*, 60 V.I. 709, 716 & n.4 (V.I. 2014)).

matter to the magistrate to exercise its discretion to consider the appellants' ability to pay. *Lopez v. People*, 60 V.I. 534, 538-39 (V.I. 2014) (when a court limits its discretion based on an erroneous conclusion of law, remand for reconsideration is appropriate). Accordingly, the Appellate Division erred in affirming the magistrate's award of other costs as well, and we remand for reconsideration of the reasonableness of the costs award.

## IV. CONCLUSION

The Appellate Division erred in affirming the magistrate's award of attorney's fees on appeal because the civil action that formed the basis of the probate dispute was a personal injury case, for which attorney's fees are prohibited. The Appellate Division also erred when it failed to remand on the issue of other costs because the magistrate impermissibly limited its own discretion by concluding that it could not consider the appellants' ability to pay. Therefore, we reverse the Appellate Division's October 4, 2013 opinion and order affirming the magistrate's award of attorney's fees and other costs to the estate, and remand the portion awarding other costs for further proceedings consistent with this opinion.