## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

BOBAX VENTURES, LP,

PLAINTIFF,

v.

INNERCIRCLE LOGISTICS, INC AND
JOHN A. CLENDENIN,

DEFENDANTS.

Civil No. SX-2015-CV-173

ACTION FOR DEBT AND
BREACH OF CONTRACT

CITE AS: 2022 VI SUPER 7

Appearances:
Charlotte S. Sheldon, Esq.
McChain Hamm & St. John, LLP
Christiansted, U.S. Virgin Islands
*For Plaintiff*

## MEMORANDUM OPINION AND ORDER

WILLOCKS, Presiding Judge

¶ 1 **THIS MATTER** came before the Court on Plaintiff Bobax Ventures, LP's (hereinafter "Plaintiff") motion for attorney's fees and costs pursuant to Rule 54 of the Virgin Islands Rules of Civil Procedure, filed on December 30, 2021.

## BACKGROUND

¶ 2 On December 8, 2021, the Court entered an order and judgment whereby the Court ordered, inter alia, that Plaintiff's October 22, 2020 motion for default judgment is granted, that Plaintiff's request for costs including reasonable attorney's fees is denied without prejudice, a judgment by default entered in favor of Plaintiff against Defendant Innercircle Logistics, Inc. (hereinafter "Innercircle") and Defendant John A. Clendenin (hereinafter "Clendenin" and together with Innercircle, "Defendants"), and that this matter is closed. (Dec. 8, 2021 Order and Judgment.)

¶ 3    On December 30, 2021, Plaintiff filed this instant motion for attorney's fees and costs.[1]

## STANDARD OF REVIEW

¶ 4    Rule 54 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 54") and Title 5

V.I.C. § 541 govern the allowable costs to a prevailing party. Rule 54 provides in relevant part:

(d) Costs, Including Attorney's Fees.
(1) *Application.*
(A) Within 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the court a bill of costs, together with a notice of motion when application will be made to the court to tax the same. Chapter 45 of Title 5 of the Virgin Islands Code governs such applications and includes specific provisions dealing with actions involving infant plaintiffs, parties acting in a representative capacity, and public corporations as parties.
(B) As provided in 5 V.I.C. § 521(b) and § 541, costs which may be allowed in a civil action include:
(i) Fees of officers, witnesses, and jurors;
(ii) Necessary expenses of taking depositions which were reasonably necessary in the action;
(iii) Expenses of publication of the summons or notices, and the postage when they are served by mail;
(iv) Compensation of a master as provided in Rule 53;
(v) Necessary expense of copying any public record, book, or document used as evidence on the trial; and
(vi) Attorney's fees as provided in subpart (d)(2) of this Rule.
(C) A bill of costs shall precisely set forth each item thereof, so that the nature of the charge can be readily understood, and -- in accord with 5 V.I.C. § 543(b)--the party claiming any item of cost shall attach thereto an affidavit, made personally or by a duly authorized attorney or agent having knowledge of the facts, stating that:
(i) the items are correct;
(ii) the services were actually and necessarily performed; and
(iii) the disbursements were necessarily incurred in the action or proceeding.

---

[1] The entry of a final judgment in this matter terminated the Court's jurisdiction except for certain collateral matters like motions for fees and costs. *Cf. Yearwood Enters., Inc. v. Antilles Gas Corp.,* 69 V.I. 863, 870 (V.I. 2018) ("The proposition that the Superior Court should only retain jurisdiction over motions for fees and costs if those motions are filed before the entry of a final order — whether in the form of voluntary dismissal or otherwise — finds no support in the decisions of Virgin Islands courts and contradicts the longstanding rules of practice in this jurisdiction.... Therefore, we hold that the Superior Court retained jurisdiction to consider a motion for attorney's fees following the voluntary dismissal of an action regardless of whether that motion was filed before or after the notice of dismissal."). Thus, the Court has jurisdiction over Plaintiff's instant motion.

> Copies of all invoices in support of the request for each item shall be appended to the verified bill of costs.
>
> (D) As provided in 5 V.I.C. § 543(a) and (c), costs which a party is entitled to recover must be taxed, whether or not they have been paid by such party. Upon allowance the bill of costs shall be included in the judgment or decree.
>
> (E) Upon failure of the prevailing party to comply with this Rule, all costs may be waived.
>
> (2) *Attorney's Fees.*
>
> (A) *Generally.* As provided in 5 V.I.C. § 541 the measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for attorney's fees incurred in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous as defined in that statute.

V.I. R. Civ. P. 54(d); *see* Title 5 V.I.C. § 541.[2]

## DISCUSSION

¶ 5    In its motion, Plaintiff requested "an award of costs and attorney's fees expending in litigating this matter"[3] as follows: "attorney's fees in the amount of $8,222.25, costs in the amount of $1,160.15, and paralegal fees in the amount of $350.00." (Motion, pp. 2-3). Plaintiff made the following assertions in support of its request: (i) "Regarding the attorney's fees, the time and labor required for this debt and breach of contact action was commensurate for any similar breach of contract action." (Id., at p. 3); (ii) "Counsel's acceptance of this matter precluded other employment due to the nature of time constraints and the priority of this matter to recoup the large sum owed to Plaintiff." (Id.); (iii) "The fees charged by the counsel who handled this matter are similar to and proportionate with similar fees for a similar action for breach of contract, debt, and

---

[2] Title 5 V.I.C. § 541 provides that "[f]or the purposes of this section, "frivolous" means: (i) without legal or factual merit; or (ii) for the purpose of causing unnecessary delay; or (iii) for the purpose of harassing an opposing party." Title 5 V.I.C. § 541(c).

[3] Plaintiff referenced: *Roy v. Poleon,* 2018 WL 672399, at *1 (V.I. Super. Ct. Dec. 14, 2014); Title 5 V.I.C. § 541(b).

foreclosure action."[4] (Id.); (iv) "Plaintiff has been a client of counsel's firm and the predecessor firm for many years" and "[a]ll of the attorneys who have handled this matter on behalf of Plaintiff are reputable and are capable to handle matters such as this." (Id., at p. 4); and (v) "Rule 54(d)(1)(B)(i)(vi) allows for recovery of expenses from depositions and the service of summons, among others" and "[t]he costs expended here are reasonable and recoverable." (Id.) A copy of Charlotte S. Sheldon, Esq.'s affidavit for attorney's fees and costs, dated December 30, 2021 (hereinafter "Sheldon Affidavit") were attached to the motion as exhibit 1 and copies of the following itemized invoices were collectively attached to the motion as exhibit 2: Invoice No. 839 from McChain Hamm & Associates (12/29/2021), LLP, Invoice No. 812 from Hamm Eckard LLP (2/1/2016), Invoice No. 2270 from Hamm Eckard LLP (3/16/2017), Invoice No. 3265 from Hamm Eckard LLP (2/16/2018), Invoice No. 2063 from Caribbean Scribes, Inc. (3/14/2017), and receipt from the Superior Court of the Virgin Islands for filing the complaint (5/12/2015).

¶ 6    According to the Sheldon Affidavit, Charlotte S. Sheldon, Esq. declared under the penalty of perjury that the following is true and correct: (i) "Affiant is an attorney at law duly licensed in the Territory of the Virgin Islands and is counsel for the Plaintiff herein." (Sheldon Aff. ¶ 1); (ii) "Robert A. Waldman, of the predecessor law firm, expended 13.6 hours in connection with this litigation at his customary rate of $375.00 per hour, for a total of $4,237.50…"[5] (Sheldon Aff. ¶ 2); (iii) "Mark W. Eckard, of the predecessor law firm, expended 4.5 hours in connection with this this litigation at his customary rate of $300.00 per hour, for a total of $1,575.00…"[6] (Sheldon Aff.

---

[4] Plaintiff referenced: *Freund v. Liburd*, 2017 WL 11596465, at *2 (V.I. Super. Ct. Dec. 20, 2017).

[5] The calculation of the total amount in the Sheldon Affidavit for Robert A. Waldman, Esq. is incorrect—to wit, the 13.6 (total numbers of hours) x $375.00 = $5,100.00.

[6] The calculation of the total amount in the Sheldon Affidavit for Marck W. Eckard, Esq. is incorrect—to wit, the 4.5 (total numbers of hours) x $300.00 = $1,350.00.

¶ 3); (iv) "The affiant, Charlotte S. Sheldon, expended 6.03 hours in connection with this litigation at her customary rate of $325.00 per hour, for a total of $1,959.75…" (Sheldon Aff. ¶ 4); (v) "Scot F. McChain expended 0.6 hours in connection with this litigation at his customary rate of $450.00 per hour, for a total of $450.00…"[7] (Sheldon Aff. ¶ 5); (vi) "A legal assistant/paralegal at Affiant's firm expended 2.8 hours in connection with this litigation at the customary rate of $125.00 per hour, for a total of $350.00…" (Sheldon Aff. ¶ 6); (vii) "Affiant's firm and the predecessor firm expended the sum of $1,160.15 as costs in this litigation for filing Complaint with this Court and service of process, postage." (Sheldon Aff. ¶ 7.)

¶ 7    The Court notes at the outset that Plaintiff is the prevailing party in this matter based on the fact that a judgment by default in favor of Plaintiff against Defendants was entered on December 8, 2021, and that Plaintiff timely filed its motion under Rule 54. The Court further notes that this is not a frivolous personal injury action, and thus, Title 5 V.I.C. § 541 and Rule 54 do not prohibit the award of attorney's fees in this matter. The Court will address Plaintiff's requests in turn.

### A. Attorney's Fees

¶ 8    In its motion, Plaintiff requested the Court to award attorney's fees in the amount of $8,222.25. Upon review of Plaintiff's motion and exhibits, it has come to the Court's attention that some of the entries provided for the attorney's fees in the Sheldon Affidavit are not supported by the itemized invoices, *see* V.I. R. Civ. P. 54(d)(1)(C) ("Copies of all invoices in support of the request for each item shall be appended to the verified bill of costs."), and that the Sheldon

---

[7] The calculation of the total amount in the Sheldon Affidavit for Scot F. McChain, Esq. is incorrect—to wit, the 0.6 (total numbers of hours) x $450.00 = $270.00.

Affidavit also contained some calculation errors.[8] The unsupported entries dated February 2, 2016 and February 5, 2016 for Robert A. Waldman, Esq. will not be considered by the Court, and the corrected calculations are as follows: (i) Robert A. Waldman, Esq. expended 11.3 hours at the rate of $375.00 per hour, for a total of $4,237.50; (ii) Mark W. Eckard, Esq. expended 4.2 hours at the rate of $300.00 per hour, for a total of $1,260.00; and (iii) Scot F. McChain, Esq. expended 1.0 hour at the rate of $450.00 per hour, for a total of $450.00.[9]

¶ 9    In *Kalloo v. Estate of Small*, the Virgin Islands Supreme Court noted that "attorney's fees awards should represent a fair and *reasonable* portion of … [the] attorney's fees incurred in the prosecution or defense of the action, and not [necessarily] the whole amount charged by the attorney." 62 V.I. 571, 584 n.11 (V.I. 2015) (internal quotations and citation omitted) (emphasis in original). In *Judi's of St. Croix Car Rental v. Weston*, the Virgin Islands Supreme Court, in considering the reasonableness of the attorney's fees, found guidance in the factors discussed by the Appellate Division of the District Court of the Virgin Islands in *Andrew Evans v. R&G Mortgage Corp.*, D.C. Civ. App. No. 2003/126 (D.V.I. App. Jan. 10, 2007) — namely: "the time and labor required, the novelty and difficulty of the issues involved, the level of skill needed to properly conduct the case, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of compensation."[10] 2008 V.I. Supreme LEXIS 21,*3 (V.I. 2008). The language of Title 5 V.I.C. § 541 and case law are clear that it is within the Court's discretion to

---

[8] *See supra,* footnotes 5-7.

[9] The entry for Charlotte S. Sheldon, Esq. was supported by the itemized invoices and correctly calculated.

[10] While the *Judi's* court addressed the reasonableness of the attorney's fees requested pursuant to Supreme Court Rule 30, the Court nevertheless finds its analysis helpful here. Thus, the Court will consider the factors discussed in *Judi's* when determining the reasonableness of the attorney's fees under Title 5 V.I.C. § 541.

award attorney's fees and costs and to determine the amount to be awarded. Title 5 V.I.C. § 541; *Kalloo*, 62 V.I. at 584 n. 11 (noting that a trial judge has discretion in determining reasonable attorney's fees and costs); *see also, Meyers v. Derr*, 2017 V.I. LEXIS 140, *1 (V.I. Super. Ct. Aug. 29, 2017).

¶ 10   First, the Court reviews the time and labor expended in this matter. According to the itemized invoices of McChain Hamm & Associates and Hamm Eckard LLP, 22.53 hours were expended in this matter for the following tasks: draft and file the initiating documents and motions, review documents, research, prepare and appear for hearings, and correspond with client, the Court, and necessary third parties. The Court finds the services rendered and the time spent by Plaintiff's counsel to be reasonable.

¶ 11   Second, the Court evaluates the novelty and difficulty of the issues involved. Given that this is a straightforward, simple, uncontested action for debt and breach of contract, the Court finds that the issues involved herein were neither novel nor complex.

¶ 12   Third, the Court evaluates the level of skill required of counsel to properly conduct the case. As the Court noted, this matter is a straightforward, simple, action for debt and breach of contract. This means that counsel was only required to have a basic understanding of the local statute on debt and breach of contract, the Virgin Islands Rules of Civil Procedure, and some basic drafting skills to properly conduct this case, especially since this matter was uncontested by Defendants. The Court finds that this matter did not require a high degree of skill by counsel.

¶ 13   Fourth, the Court compares the hourly rates charged in this matter with the customary charges of Virgin Islands attorneys. In *Mahabir v. Heirs of James Wellington George*, the Virgin Islands Supreme Court stated that they previously "emphasized that determining a reasonable hourly rate requires 'a case-specific inquiry into the prevailing market rates for

counsel of similar experience and skill to the fee applicant's counsel' and noted that 'no fee is reasonable unless it would be adequate to induce other attorneys to represent similarly situated clients seeking relief comparable to that obtained in the case at hand.'" 2021 V.I. 22, ¶ 7 (V.I. 2021); *see Bank of Am., N.A. v. Taylor*, 2019 V.I. LEXIS 173, at *4-5 (V.I. Super. Ct. Sept. 9, 2019) ("Under the circumstances, the Court finds that the matter was moderately complex requiring the attorneys to be experienced in U. S. Virgin Islands real estate law and to possess a high level of skill in this area....As of 2018, Attorney Wood has been practicing law for 37 years and was admitted to the Virgin Islands Bar in 2005. The Court finds Attorney Wood's hourly rate to be consistent with experienced trial counsel."). In its motion, Plaintiff noted that "[a]ll the attorneys who have handled this matter on behalf of Plaintiff are reputable and are capable to handle matters such as this" but failed to include the specific experience of each counsel. Nevertheless, as noted above, the Court finds that his matter did not require a high degree of skill by counsel. Thus, in this instance, the Court will make a general inquiry into the prevailing market rates for counsel. When compared to the customary and prevailing market rates charged in the Virgin Islands, the Court finds Mark W. Eckard, Esq.'s hourly rate of $300.00 and Charlotte S. Sheldon, Esq.'s hourly rate of $325.00 for attorney's fees to be reasonable and Robert A. Waldman, Esq.'s hourly rate of $375.00 and Scot F. McChain, Esq.'s hourly rate of $450.00 unreasonable.[11] *See High Times VI Enterprises, LLC*, 2021 V.I. Super 42, at ¶ 26 ("The Court finds that Plaintiff s counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Bank of Am., N.A.*, 2019 V.I. LEXIS 173 at *4-5 (finding the attorney's hourly rate of $350.00 to

---

[11] The case cited by Plaintiff, *Freund*, did not support its request for attorney's fee at the hourly rate of $375.00 and $450.00.

be consistent with the hourly rates of a trial counsel who "has been practicing law for 37 years and was admitted to the Virgin Islands Bar in 2005"); *Freund*, 2017 V.I. LEXIS 184 at *4-6 ("For services rendered, Attorney Charles E. Lockwood charged $340/hour and Attorneys Todd H. Newman and G. Hunter Logan both charged $350/hour. The Court finds these rates to be reasonable, in compliance with V.I. Rules of Professional Conduct 211.1.5 and in keeping with the customary hourly rates of similarly experienced members of the Virgin Islands Bar.... BoltNagi's four attorneys assigned to the instant matter charged an hourly rate of $250. The managing attorney charged $350/hour. The Court finds these rates are also consistent with the customary charges of similarly experienced attorneys of the Virgin Islands Bar."); *cf. In re Estate of Benjamin*, 70 V.I. 110, 118 (V.I. Super. Ct. Feb. 21, 2019) ("The Court finds the hourly rate of $350.00 for attorney fees to be excessive when compared customarily within this jurisdiction."). As such, the Court will adjust Robert A. Waldman, Esq.'s hourly rate and Scot F. McChain, Esq.'s hourly rate to $350.00. *See Kalloo*, 62 V.I. at 584 n. 11 (noting that a trial judge has discretion in determining reasonable attorney's fees and costs).

¶ 14    Fifth, the Court considers the amount in controversy and the attorney's fees requested. Here, the amount in controversy was the outstanding amount under the Promissory Note—to wit, $25,000.00, the principal amount, plus $5,000.00, the interest amount, collectively accruing interest at the rate of 25% per annum from January 1, 2013, the date of default, through the date of entry of this Order and Judgment—and the attorney's fees requested, as adjusted by the Court, is $7,524.75—to wit, $3,955.00 (Robert A. Waldman, Esq.), plus $1,260.00 (Mark W. Eckard, Esq.), plus $1,959.75 (Charlotte S. Sheldon, Esq.), and plus $350.00 (Scot F. McChain, Esq.). The Court finds that the relationship between the amount in controversy and the attorney's fees requested to be within reason. *See Judi's*, 2008 V.I. Supreme LEXIS 21 at *3 (finding that the

*Bobax Ventures, LP v. Innercircle Logistics, Inc, et al.*
SX-2015-CV-173
**Memorandum Opinion and Order**
Page 10 of 12

2022 VI SUPER ___7___

attorney's fees is unlikely to be reasonable when the attorney's fees requested was almost four times the amount in controversy).

¶ 15    Sixth, the Court considers the benefits resulting to Plaintiff from the services. Here, as the result of the services rendered by Plaintiff's counsel, Plaintiff obtained a favorable outcome— namely, a judgment by default entered in favor of Plaintiff and against Defendants as follows: "(i) the outstanding amount under the Promissory Note: $25,000.00, the principal amount, plus $5,000.00, the interest amount, collectively accruing interest at the rate of 25% per annum from January 1, 2013, the date of default, through the date of entry of this Order and Judgment, plus (ii) post-judgment interest accruing at the rate of 4% per annum on the outstanding amount, commencing on the date of the entry of this Order and Judgment until the date the Order and Judgment is satisfied." (Dec. 8, 2021 Order and Judgment.) Thus, the Court finds that Plaintiff benefited from the service of its counsel.

¶ 16    Finally, the Court considers the contingency or certainty of compensation. Given that Plaintiff was charged at various hourly rates, it appears that Plaintiff and Plaintiff's counsel did not have a contingency fee agreement.

¶ 17    Based on the Court's analysis of the factors set forth in *Judi's*, the Court finds the attorney's fees sought by Plaintiff, as adjusted by the Court, to be reasonable and will not make any further adjustments. As such, the Court will grant Plaintiff's motion as to its request for attorney's fees in the total amount of $7,524.75, and not for the amount requested in the motion.

### B. Paralegal's Fees

¶ 18    In its motion, Plaintiff also requested the Court to award paralegal's fees in the amount of $350.00. However, Title 5 V.I.C. § 541 and Rule 54 do not include paralegal's fees in the list of costs that may be allowed. Plaintiff cited no authority and made no substantive argument in support

*Bobax Ventures, LP v. Innercircle Logistics, Inc. et al.*
SX-2015-CV-173
**Memorandum Opinion and Order**
Page 11 of 12

2022 VI SUPER 7

of its request for paralegal's fees. *See* V.I. R. CIV. P. 11(b)(5) ("By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:…(5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party."). The Court declines to make such argument on Plaintiff's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). As such, the Court will deny Plaintiff's motion as to its request for paralegal's fees.

### C. Costs

¶ 19    In its motion, Plaintiff also requested the Court to award costs in the amount of $1,160.15 for the following expenses: (i) complaint filing fee - $75.00; (ii) photocopy fee for copies of filings - $107.00; (iii) process server fee for Defendant Clendenin re "Notice of Deposition" - $75.00; (iv) process server fee for Defendant Clendenin re "Filings" - $100.00; and (v) deposition fee for Defendant Clendenin - $803.15. The Court will deny the costs requested for filing the complaint, photocopying,[12] and process server fee re "Filings" since they are not allowed under Title 5 V.I.C. § 541 and Rule 54; the Court will grant the remaining costs requested. As such, the Court will grant Plaintiff's motion as to its request for costs in the total amount of $878.15, and not for the amount requested in the motion.

---

[12] Plaintiff did not specify the documents that were photocopied and thus, the Court cannot determine whether it is allowed under Title 5 V.I.C. § 541(a) and Rule 54 as a "[n]ecessary expense of copying any public record, book, or document used as evidence on the trial."

*Bobax Ventures, LP v. Innercircle Logistics, Inc. et al.*
SX-2015-CV-173
**Memorandum Opinion and Order**
Page 12 of 12

2022 VI SUPER ____

## CONCLUSION

¶ 20    Based on the foregoing, the Court will grant in part and deny in part Plaintiff's motion for attorney's fees and costs. Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion for attorney's fees and costs, filed on December 30, 2021, is **GRANTED** as to Plaintiff's request for attorney's fees in the total amount of $7,524.75.

**ORDERED** that Plaintiff's motion for attorney's fees and costs, filed on December 30, 2021, is **DENIED** as to Plaintiff's request for paralegal's fees.

**ORDERED** that Plaintiff's motion for attorney's fees and costs, filed on December 30, 2021, is **GRANTED** as to Plaintiff's request for costs in the total amount of $878.15.

**DONE and so ORDERED this** 25th **day of January, 2022.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: Jan 25, 2022

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**