**ALLENTON BROWNE, Appellant/Defendant**

**v.**

**LAURA L.Y. GORE, Appellee/Plaintiff**

S. Ct. Civil No. 2011-0012

Supreme Court of the Virgin Islands

September 19, 2012

NATALIE B. NELSON TANG HOW, ESQ., Law Office of Natalie Nelson, P.C., St. Croix, USVI, *Attorney for Appellant.*

LAURA L.Y. GORE, Lithonia, Georgia, *Pro Se.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, Associate Justice.

## OPINION OF THE COURT

(September 19, 2012)

CABRET, *Associate Justice.* Allenton Browne appeals from a January 28, 2011 Opinion and Order issued by a Superior Court judge, which affirmed a judgment entered by a Superior Court magistrate directing Browne to vacate No. 85 Catherine Rest, St. Croix, for failure to pay rent. For the reasons that follow, we reverse the January 28, 2011 Opinion and Order and remand the matter to the Superior Court for proper compliance with Superior Court Rule 322.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2010, Laura L.Y. Gore, a resident of Georgia, filed a *pro se* forcible entry and detainer ("FED") complaint against Browne, which alleged that Browne had been living at No. 85 Catherine's Rest for approximately thirteen years, but "has habitually been late in making monthly payments" and ultimately failed to pay the full rent due for January, February, and March 2010. (J.A. 71.) The Superior Court assigned the matter to a Superior Court magistrate, *see* 4 V.I.C. § 123(a)(6), who ultimately scheduled a hearing for July 20, 2010. When Browne failed to attend that hearing, the magistrate entered a default judgment against him and ordered his eviction.

In addition to her FED action, Gore had filed a small claims complaint against Browne, which had been assigned to the same magistrate, *see* 4 V.I.C. § 123(a)(4), who scheduled a hearing for July 21, 2010. This time, Browne attended the hearing, but — like Gore — appeared *pro se* due to the prohibition on attorneys representing litigants in small claims proceedings. *See* 4 V.I.C. § 112(d). At the start of this hearing, the magistrate advised Browne that a hearing on Gore's FED complaint had

been held the prior day and a default judgment entered against him. Browne responded that he had been present at the courthouse at the time of the July 20, 2010 hearing, and asked the magistrate to re-open the FED case so he could contest the FED complaint on the merits. When Gore objected because she had booked a flight to leave St. Croix on July 24, 2010, the magistrate stated that she would first conduct the small claims hearing as scheduled, and then hold a new FED hearing later that afternoon.

Browne objected to this procedure because he wished to have his retained counsel introduce evidence and make arguments on his behalf during the FED hearing. The magistrate, however, found that Browne was "trying to unnecessarily prolong this matter" and would not allow a continuance for Browne to appear through retained counsel because "[Gore] doesn't live here" and Browne had the opportunity to appear through counsel at the July 20, 2010 hearing, but neither he nor his counsel were present. (J.A. 45-46.) When Browne asked for a continuance on the grounds that he could not proceed because he was not prepared to contest the FED matter that day, the magistrate replied that Browne should have been prepared to address the FED complaint the prior day. Finally, the magistrate informed Browne that if he did not appear that afternoon to address the FED complaint, the default judgment issued the prior day would stand.

The magistrate held a hearing on Gore's FED complaint that afternoon, with both parties appearing *pro se*. The following day, the magistrate entered judgment in favor of Gore and directed Browne to immediately vacate No. 85 Catherine's Rest. On July 27, 2010, Browne, through his retained counsel, filed a motion for stay of execution on the grounds that the magistrate lacked jurisdiction over the FED complaint because Browne and Gore had allegedly entered into a mutual agreement for the purchase and sale of the property, and thus were no longer in a landlord/tenant relationship. Browne also filed a motion for reconsideration on August 2, 2010, which set forth this same argument as grounds for vacating the judgment. In an August 3, 2010 Order, the magistrate denied the motion for stay of execution on the grounds that Browne's "claim [that] the parties entered into a purchase/sell arrangement was disputed by [Gore] when this matter came on for a hearing," and that "[t]he Court found [Gore]'s testimony to be more credible than that of [Browne], and pointed out that any oral agreement

447

would be subject to the doctrine of the applicable statute of frauds." (J.A. 99.)

Even though the magistrate had not yet ruled on his motion for reconsideration, Browne filed a "notice of appeal" of the magistrate's decision on August 5, 2010,[1] which was construed as a petition for internal review of a magistrate decision pursuant to the Interim Procedures for Seeking Review of Magistrate Determinations ("Interim Rules"), adopted by the Presiding Judge of the Superior Court in a December 31, 2009 Order. *See In re: Order Establishing Interim Procedure for Review of Magistrate Decisions*, Super. Ct. Civ. No. Misc. No. 30/2009, slip op. at 1-2 (V.I. Super. Ct. Dec. 31, 2009). However, the Interim Rules simply established a limitations period and a filing fee, and were silent as to how the parties should proceed with briefing or otherwise prosecuting the matter.

While Browne's petition for internal review remained pending, the Presiding Judge, in a November 23, 2010 Order, promulgated Superior Court Rule 322, which governs internal review of magistrate decisions by the Superior Court. The November 23, 2010 Order expressly provided that "[t]his amendment is effective immediately and supersedes the Interim Rules previously established in Super. Ct. Misc. 30/2009." *In re: Order Amending the Rules Governing Review of Magistrate Decisions*, Super. Ct. Misc. No. 30/2010 (STX), slip op. at 1 (V.I. Super. Ct. Nov. 23, 2010). Pursuant to Rule 322, a Superior Court judge shall not rule on a petition for internal review until "the filing of: the opening brief of the petitioner, the responsive brief of the respondent, filing of a certified transcript of the proceedings, . . . the resolution of all motions filed, payment of all required fees, and satisfaction of the appeal or supersedeas bond, if any." SUPER. CT. R. 322.1(h)(2)(F). Moreover, Rule 322 provides that "the Clerk shall issue notice to the parties regarding the schedule and deadlines for: completion of the record, completion of briefing, payment of docketing fees, request and payment of transcripts," SUPER. CT. R. 322.1(i)(A), provided, however, that the "trial judge may, by order, waive the need for briefs or excuse any party from filing briefs without adverse

---

[1] In the January 28, 2011 Opinion, the Superior Court judge stated that he would consider the matter notwithstanding the absence of a ruling on Browne's motion for reconsideration because the August 3, 2010 Order denying the motion for stay of execution had considered the same issues raised in the reconsideration motion. (J.A. 14 n.6.)

action if the issue presented for review is an issue of law which has previously been determined by controlling law and for which there is no reasonable dispute, and the issues may be determined based on the case record." SUPER. CT. R. 322.1(i)(B).

Notwithstanding Rule 322, the Superior Court judge assigned to consider Browne's petition issued a January 28, 2011 Opinion and Order adjudicating the merits of the matter, even though the parties had not submitted briefs, the Clerk of the Superior Court had not issued a briefing schedule, and the judge never notified the parties that the matter would be considered on the record without briefs. *See Browne v. Gore*, 54 V.I. 195 (V.I. Super. Ct. 2011). Ultimately, the Superior Court judge held that the magistrate "properly retained jurisdiction over this matter as an FED proceeding," and affirmed the July 22, 2010 Order. *Id.* at 209. Browne timely filed his notice of appeal to this Court on February 11, 2011.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). "An order from the Superior Court affirming a magistrate's final [judgment] in an FED action is a final order appealable to this Court under section 32(a)." *Lehtonen v. Payne*, 57 V.I. 308, 312 (V.I. 2012) (citing *H&H Avionics, Inc. v. V.I. Port. Auth.*, 52 V.I. 458, 461-63 (V.I. 2009)).

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

### B. Superior Court Rule 322

On appeal, Browne contends that the Superior Court judge violated his procedural due process rights by adjudicating his petition for internal review on the merits in the absence of a briefing schedule. Specifically, Browne argues that Superior Court Rule 322 applied to his petition, and that Rule 322 sets forth specific requirements related to briefing and

consideration of petitions that were not followed in this case. In her *pro se* brief, Gore acknowledges that Rule 322 governed Browne's petition, but requests that this Court affirm the January 28, 2011 Opinion because (1) Rule 322 does not require the submission of briefs, (2) Browne failed to take the steps necessary to prosecute his petition, and (3) Browne could have filed a brief but failed to do so.

■ We agree with the parties that Rule 322 unquestionably applied to Browne's appeal. Even though the Superior Court promulgated Rule 322 after Browne filed his petition for review, the November 23, 2010 Order adopting Rule 322 expressly states that "[t]his amendment is effective immediately and supersedes the Interim Rules previously established in Super. Ct. Misc. 30/2009." Even in the absence of this explicit language, it is well established that amendments to procedural rules apply to all cases pending at the time of the rule change. *See, e.g., Fontaine v. People*, 56 V.I. 571, 592 n.16 (V.I. 2012) (noting that, on remand, prior evidentiary rulings decided under the Uniform Rules of Evidence should be reconsidered in light of the subsequent adoption of the Federal Rules of Evidence); *Ferdinand v. Bureau of Corrections*, S. Ct. Civ. No. 2008-0059, 2011 V.I. Supreme LEXIS 24, at *3 (V.I. July 19, 2011) (unpublished) (permitting habeas corpus appeal to proceed, despite denial of certificate of probable cause, when court rule subsequently amended to eliminate certificate of probable cause requirement). Therefore, the Superior Court judge committed error to the extent he issued the January 28, 2011 Opinion and Order based on a belief that the Rule 322 procedure did not apply.[2]

---

[2] Although not expressly addressed by the parties, we note that the text of the January 28, 2011 Opinion contains some indication that the Superior Court judge may have incorrectly believed that Browne had actually filed a brief. First, the opinion contains several references to the parties raising or not raising certain issues and arguments on appeal, which is impossible to reconcile with the fact that neither party actually filed a brief. *See, e.g.*, 54 V.I. at 198 ("Browne argues on appeal that the Magistrate erred in granting the writ . . . ."); 200 n.4 ("Browne has not challenged on appeal the adequacy of the notices."); 204 ("Browne disputed receiving notice to quit, but the Magistrate found notice proper and Browne did not challenge that finding on appeal."). Additionally, the opinion cites to Superior Court Rule 322 as authority for other matters, such as the time for filing a petition for review, *id.* at 202, indicating that the Superior Court judge may have believed that Rule 322 applied to Browne's petition.

Despite these references, it is not clear what documents the Superior Court judge could have possibly construed as an appellate brief. Browne's August 5, 2010 petition is only one

 We also find that Gore's arguments seeking to excuse the Superior Court judge's failure to comply with Rule 322 lack merit. While it is true that Rule 322 does not require submission of briefs in all circumstances — in that Rule 322.1(i)(B) allows a judge to issue an order waiving briefing in a particular case — this exception is not applicable to this case, for the judge never issued an order advising the parties that he intended to decide the petition based on the existing record without further briefing. Additionally, Rule 322.1(i)(B) only authorizes a judge to waive briefing *sua sponte* "if the issue presented for review is an issue of law which has previously been determined by controlling law and for which there is no reasonable dispute," and it is not clear how this high standard could have been met with respect to all the *potential* issues[3] Browne could have reasonably raised on appeal.[4]

---

sentence long and simply states that Browne wishes to appeal the magistrate's August 3, 2010 Order. While Browne did file a motion to waive a supersedeas bond and a motion for a stay pending appeal, the January 28, 2011 Opinion and Order expressly refers to both documents as motions and does not explicitly construe either document as an appellate brief. 54 V.I. at 204 n.7, 209. Although the Superior Court does state, in the same footnote in which Browne's motion to waive supersedeas bond is first mentioned, that "[a]s with Browne, most of what Gore submitted on appeal accords with attempts at briefing this matter for the Court and the Court construes them as such," the preceding sentences state that "Gore remained *pro se* through the court (sic) of litigation" and that "strict adherence to procedural rules is discouraged," implying that Gore's filings were liberally construed as briefs due to her *pro se* status. However, at no point did the Superior Court explicitly state that it was construing Browne's motion as an appellate brief, and — given that Browne was represented by retained counsel — it is not clear what authority would permit the Superior Court to convert a motion to waive the posting of a supersedeas bond, filed by counsel before issuance of a briefing schedule, into an appellate brief.

Under these circumstances, it is clearly possible that the Superior Court judge issued his decision on a mistaken belief that Browne had filed a brief, or by erroneously construing Browne's motion to waive supersedeas bond as an appellate brief. If this is what occurred, reversal would clearly be required. *Cf. Harris v. Garcia*, S. Ct. Civ. No. 2008-0082, 2010 V.I. Supreme LEXIS 3, at *11 (V.I. Jan. 14, 2010) (unpublished) (reversing trial court for dismissing case based on judge's mistaken belief that certain documents had not been filed with the court); *Rivera-Mercado v. General Motors Corp.*, 51 V.I. 307, 312 (V.I. 2009) (reversing denial of motion based on trial court's failure to consider affidavits filed by plaintiff, as demonstrated by trial court's "patently incorrect" finding that affidavits had never been filed). However, given that the January 28, 2011 Opinion is, at best, unclear, we — like the parties — proceed under the assumption that the Superior Court adjudicated Browne's appeal without the benefit of a merits brief.

[3] In his January 28, 2011 Opinion, the Superior Court judge solely addressed the issue of whether the Superior Court magistrate — based on the record developed at the July 21, 2010 hearing — possessed jurisdiction over Gore's FED complaint. However, in his July 27, 2010

Likewise, while Gore is correct that Browne, as the party who filed the petition for internal review, possessed a duty to prosecute the matter, *see Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 293 (V.I. 2010), at this advanced stage of the proceedings the obligation to move the appeal forward had shifted from Browne — who posted the required supersedeas bond — to the Superior Court. Specifically, Rule 322 required the Clerk of the Superior Court to "issue notice to the parties regarding the schedule and deadlines for: completion of the record, completion of briefing, payment of docketing fees, request and payment of transcripts," SUPER. CT. R. 322.1(i)(A), or for the Superior Court judge to "by order[] waive the need for briefs." SUPER. CT. R. 322.1(i)(B). Until either the Clerk of the Superior Court or the Superior Court judge acted under either Rule 322.1(i)(A) or (B), there was simply nothing more for Browne to do with respect to his petition. *See Molloy v. Independence Blue Cross*, 56 V.I. 155, 190 (V.I. 2012) (holding plaintiffs did not engage in history of dilatoriness when "[t]he certified docket entries reflect that discovery had concluded, that the prior judge issued a January 11, 2005 Order of Readiness for Trial, and had decided the last pending motion on April 28, 2005," for "the two year delay [wa]s attributable entirely to the Superior Court for failing to set a trial date.").

Finally, we reject Gore's contention that Browne should have filed a brief in the absence of a formal briefing schedule. Contrary to Gore's claim that Browne could have filed a brief at any time, Rule 322 expressly provides that "the petitioner shall serve and file a brief within fourteen (14) days after submission of the transcript in the case, or after a briefing schedule is issued, whichever comes first." SUPER. CT. R. 322.1(i)(A). While it appears, based on the January 28, 2011 Opinion, that the Superior Court judge had access to the pertinent transcripts, the certified docket

---

motion to stay execution and August 2, 2010 motion for reconsideration, Browne questioned the magistrate's decision to proceed with the FED hearing on the afternoon of July 21, 2010, on the basis that the short notice deprived him of his ability to (1) be represented by retained counsel, and (2) present additional evidence in support of his claim that a landlord/tenant relationship no longer existed.

[4] Furthermore, Rule 322 provides that, unless a judge invokes Rule 322.1(i)(B), failing to timely file a brief in support of a petition for review results in dismissal for failure to prosecute, SUPER. CT. R. 322.1(i)(G)(i), rather than a merits review of the underlying matter without briefing. Thus, even if Gore was correct that Browne should have filed a brief but failed to do so — which we do not hold — the Superior Court judge would have still erred by affirming the magistrate's decision on the merits.

entries do not contain any indication that the Clerk of the Superior Court ever notified the parties that all transcripts were available or advised Browne of the deadline to order any transcripts, as required by Superior Court Rule 322.1(i)(A). Moreover, even if Browne had the option of filing a brief before the Clerk issued a briefing schedule, he certainly had no obligation to file an early brief in lieu of fully taking advantage of the time provided to him by Rule 322. *Cf. Watts*, 54 V.I. at 306 (Swan, J., concurring) (explaining that litigant possesses no obligation to prematurely comply with deadline established by court that has not yet expired). Accordingly, we reverse the January 28, 2011 Opinion and Order.[5]

## III. CONCLUSION

Since Superior Court Rule 322 applied to Browne's petition for internal review, the Superior Court judge erred when he *sua sponte* affirmed the decision of the Superior Court magistrate. Accordingly, we reverse the January 28, 2011 Opinion and Order and direct the Clerk of

---

[5] In his appellate brief, Browne raises several additional issues, including arguing that the Superior Court magistrate lacked jurisdiction to issue the July 22, 2010 Order because Browne had introduced evidence that a landlord/tenant relationship may no longer have existed. Since we exercise plenary review over questions relating to the Superior Court's subject matter jurisdiction, *see Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008), we could, in the interests of judicial economy, exercise our discretion to address this issue as part of this appeal, as we have done in other cases in which this Court applies the same legal standard as a Superior Court judge. *See, e.g., United Corp. v. Tutu Park Ltd.*, 55 V.I. 702, 708 n.3 (V.I. 2011); *Martin v. Martin*, 54 V.I. 379, 385 (V.I. 2010); *Hodge v. McGowan*, 50 V.I. 296, 310-11 (V.I. 2008). Nevertheless, we decline to do so because, when considering a petition for review of a final decision rendered by a Superior Court magistrate, a Superior Court judge essentially acts as an intermediate appellate court, with this Court serving as a second level of appellate review. While we certainly possess the power to overlook the Rule 322 violation and address Browne's jurisdictional argument, we believe that remanding this entire matter to the Superior Court judge is not only respectful of the unique relationship between Magistrate Division of the Superior Court and the Appellate Division of the Superior Court, but consistent with the practice traditionally employed when a higher appellate court reverses a lower appellate court. *See, e.g., United States v. Marcus*, 130 S. Ct. 2159, 2166, 176 L. Ed. 2d 1012 (2010) (holding that Second Circuit misapplied plain error standard of review, but remanding case to the Second Circuit to apply correct plain error standard in the first instance rather than resolving issue as part of second appeal); *Simon v. Gov't of the V.I.*, 679 F.3d 109, 56 V.I. 990 (3d Cir. 2012) (vacating dismissal pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) but directing Appellate Division of District Court to consider merits of ineffective assistance of counsel and other claims on remand rather than resolving them in the first instance as part of second appeal).

the Superior Court to issue a briefing schedule on remand so that Browne may provide the Superior Court judge with arguments and legal authority in support of his appeal.