IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
December 15, 2025 01:00 PM
SCT-Civ-2024-0117
DALILA E. PATTON, ESQUIRE
ACTING CLERK OF THE COURT

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

IN THE MATTER OF THE ESTATE OF
**LORAINE A. GIBBS,**
Deceased.

 ) **S. Ct. Civ. No. 2024-0117**
 ) Re: Super. Ct. RV. No. 006/2024 (STX)
 )
 )

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Douglas A. Brady

Considered: April 11, 2025
Filed: December 15 2025

Cite as: 2025 VI 24

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

APPEARANCES:

**Mark L. Milligan, Esq.**
St. Croix, U.S.V.I.
 *Attorney for Appellant*.

## OPINION OF THE COURT

**HODGE, Chief Justice.**

¶ 1 G. Theresa Gibbs-Jackson seeks review of the Superior Court's dismissal of her appeal from the Magistrate Division as unripe. For the reasons that follow, we reverse the Superior Court's November 6, 2024 order dismissing Gibbs-Jackson's internal appeal; vacate the Magistrate Division's July 30, 2024 dismissal order; and remand this case to the Magistrate Division with directions.

### I. BACKGROUND

¶ 2 Loraine A. Gibbs (the "decedent") passed away on May 16, 2022. On September 13, 2022, her sister, G. Theresa Gibbs-Jackson, filed a verified petition for probate and letters of

*In re Estate of Gibbs*                    2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 2 of 15

administration *cum testamento annexo* (C.T.A.) with the Magistrate Division, which has jurisdiction to hear probate matters. *See* V.I. CODE ANN. tit. 4, § 123(a)(4). Gibbs-Jackson attached to the petition the decedent's death certificate as well as her last will and testament. She also attached a list of eight known heirs entitled to share in the estate under the laws of intestacy and submitted waivers from those heirs consenting to the issuance of letters of administration C.T.A.

¶ 3    Over the next twelve months Gibbs-Jackson filed four separate motions asking the magistrate judge to act on her petition: one in November 2022, one in February 2023, another in July of that year, and the fourth on October 23, 2023. The fourth requested an expedited ruling in part because the decedent's residence had been burgled twice and seen a squatter removed while the petition for probate had been pending. Property taxes were also in arrears.

¶ 4    On December 11, 2023, the magistrate judge ordered Gibbs-Jackson to supplement her petition by filing copies of decedent's death certificate and will. The magistrate judge also ordered her to file an inventory of the estate's assets sworn by two disinterested persons.

¶ 5    On January 2, 2024, Gibbs-Jackson advised the magistrate judge that she included the death certificate and will with her original petition for probate. As for the order to submit an inventory of the estate, Gibbs-Jackson filed a "Motion for Clarification of Order" stating that the inventory requirement was premature. She maintained that although Virgin Islands probate law requires such an inventory to be attached to the original probate petition when the decedent dies *without* a will, here the decedent died *with* a will, such that the inventory requirement is inapplicable.

¶ 6    In an order dated May 10, 2024, the magistrate judge declared that "it is enough to advise counsel that this Court requires a verified Inventory of Estate assets in every probate proceeding." (J.A. 56.) The magistrate judge again ordered Gibbs-Jackson to file the inventory sworn by two disinterested persons. The magistrate judge also ordered Gibbs-Jackson to submit more filings,

*In re Estate of Gibbs* 2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 3 of 15

some identifying whether any of decedent's siblings have died (and if so when) and others identifying the parents of each niece and nephew listed in the will. Finally, the magistrate judge warned Gibbs-Jackson that she must comply with these orders "***or this probate proceeding will be dismissed for lack of prosecution***." (J.A. 57 (emphasis in original).)

¶ 7    Gibbs-Jackson filed a timely response on June 30, 2024. She identified decedent's siblings and noted those who had died, adding that the whereabouts of one sibling are unknown. She also listed the identifiable parents of each niece and nephew. As for the order for an inventory, Gibbs-Jackson again argued that the order was premature. According to her, section 192 of title 15 of the Virgin Islands Code requires an inventory with the initial probate petition if there is *no* will, whereas sections 312 to 314—which apply if there *is* a will—provide that a magistrate judge must first grant the petition, admit the will, and approve an executor or administrator of the estate before appraisers for the eventual inventory can even be selected. Nevertheless, Gibbs-Jackson attached as an exhibit to her filing an inventory of decedent's estate signed by two disinterested persons.

¶ 8    In a July 30, 2024 order, the magistrate judge dismissed Gibbs-Jackson's probate proceeding for lack of prosecution. The dismissal order declared that the magistrate judge would not allow the probate proceeding to be reopened unless Gibbs-Jackson were to comply with the magistrate judge's various directives to produce information and documentation and file a motion to reopen. Compliance, according to the dismissal order, would mean that Gibbs-Jackson must:

- identify the children of three of decedent's siblings, producing birth certificates as necessary;
- determine the whereabouts of the sibling whose death (if any) is unknown;
- produce death certificates for the three siblings whose whereabouts are known, as well as for Roy Lester Schneider, decedent's half-brother;
- appoint a representative for the estate of Roy Lester Schneider; *and*
- file an amended verified petition for probate and letters of administration C.T.A. identifying all of decedent's heirs at law and providing an address for each.

*In re Estate of Gibbs*                                         2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 4 of 15

The order ended by stating that the dismissal was without prejudice, and it directed the clerk to "record this Estate as **CLOSED**." (J.A. 65 (emphasis in original.) The clerk formally closed the case the very next day.

¶ 9    On August 19, 2024, Gibbs-Jackson filed a document entitled "Amended Verified Petition for Probate." But she also filed an "Informative Notice" stating that, as she sees it, the directives in the dismissal order exceed the authority of the magistrate judge and she is unwilling and unable to comply with them further. She notified the magistrate judge that she would appeal the dismissal order to the Superior Court and that, in doing so, she intends to stand upon her probate petition as filed. Gibbs-Jackson filed her notice of appeal on the same day.[1]

¶ 10    The Superior Court dismissed her internal appeal in a November 6, 2024 order. Specifically, the Superior Court characterized the internal appeal as "not ripe" because the Magistrate Division dismissed the underlying probate proceeding without prejudice. Gibbs-Jackson filed a timely notice of appeal to this Court on December 3, 2024. *See* V.I. R. APP. P. 5(a)(1).

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

¶ 11    "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court." 4 V.I.C. § 32(a); 48 U.S.C. § 1613a(d). An order that "disposes of all claims submitted to the Superior Court" is final for purposes of appeal. *In re Estate of Garcia*, 2025 VI 8, ¶ 25 (quoting *Jung v. Ruiz*, 59 V.I. 1050, 1056–57 (V.I. 2013)).

---

[1] In her filings Gibbs-Jackson refers to taking an appeal to the "Appellate Division" of the Superior Court. For clarity's sake, we will refer simply to the "Superior Court." Our 2018 amendments to Superior Court Rule 322 struck all references to the "Appellate Division" and provided for appeals from the Magistrate Division to judges of the Superior Court. *See In re Amends. to the Rule Governing Appeals from the Magis. Div.,* S. Ct. Prom. No. 2018-0005, 2018 WL 6012609, at *1 (V.I. Nov. 15, 2018); *In re Estate of Garcia*, 2025 VI 8, ¶ 8 n.2.

*In re Estate of Gibbs*                                2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 5 of 15

Because the November 6, 2024 order entirely disposed of Gibbs-Jackson's internal appeal, it constitutes a final appealable order under section 32(a). *Id*. at ¶¶ 23, 25.

¶ 12    We consider *de novo* the question of whether a matter pending in the Superior Court is ripe for adjudication. *See V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008) (per curiam).

### B. Dismissal of Internal Appeal as Not Ripe

¶ 13    Our primary task on appeal is to determine whether the Superior Court erred in dismissing Gibbs-Jackson's appeal as "not ripe" and non-final.[2] The Superior Court took that action because it determined that the Magistrate Division's dismissal order was entered without prejudice for lack of prosecution and is not a complete resolution on the merits of the case. The Superior Court characterized the dismissal order as simply directing the process for the adjudication of Gibbs-Jackson's probate matter and instructing her to provide information and necessary documentation for the case to proceed. To support this characterization, the Superior Court noted that on the same date Gibbs-Jackson filed her notice of appeal, she also filed an amended probate petition. In other words, the Superior Court seemingly found that the filing of the amended petition, together with dismissal of the internal appeal, would allow her case to proceed to final adjudication.

---

[2] In its November 6, 2024 order, the Superior Court characterizes the dismissal of the internal appeal on ripeness grounds as jurisdictional. However, because "neither this Court nor the Superior Court are Article III courts, in the territorial courts, ripeness . . . is not jurisdictional" but rather a "judicially-created claims-processing rule[]." *Simon v. Joseph*, 59 V.I. 611, 629 (V.I. 2013) (cleaned up). This is especially pertinent in the context of the internal appeals of Magistrate Division orders authorized pursuant to title 4, section 125 of the Virgin Islands Code, in that section 125 does not even impose a statutory ripeness or final judgment requirement; such requirement has been judicially-created by this Court through Superior Court Rule 322. *See In re Smith*, 54 V.I. 517, 524 n.5 (V.I. 2010) (holding that court rules are not jurisdictional). Nevertheless, because ripeness is certainly amongst the rare claims-processing rules that "implicate judicial interests beyond those of the parties" and which may be invoked by a court *sua sponte*, *Simon*, 59 V.I. at 629, the Superior Court's inartful characterization of it as jurisdictional is harmless.

*In re Estate of Gibbs* 2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 6 of 15

¶ 14     We disagree.  The Superior Court correctly recognized the general rule that "a dismissal without prejudice generally is a non-final order and is not appealable" because the plaintiff "may attempt to cure the defect that led to the dismissal—and thus avoid the need for an appeal—by moving to amend the complaint or filing a new complaint as part of a new case." *Mills-Williams v. Mapp*, 67 V.I. 574, 582 (V.I. 2017) (collecting cases).  Yet this Court has joined other federal and state courts in recognizing two exceptions to this general rule under which an immediate appeal is permitted: (1) "if the plaintiff cannot cure the deficiency" or (2) "if the plaintiff chooses to [forgo] further amendment and stand by the complaint as last filed." *Id.* (collecting cases).  These two exceptions, crafted in the context of dismissals for failure to state a claim under Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure, carefully balance judicial resources with the long-standing policy that the plaintiff is the master of the complaint by giving the plaintiff a choice to pursue either amendment or appeal, but not both, so as to prevent the plaintiff from "hav[ing] a second bite at the apple by refiling if unsuccessful on appeal." *Id.*

¶ 15     While these exceptions may not perfectly apply in the probate context, we nevertheless find both exceptions applicable to this case.[3]  Although the Superior Court placed great weight on Gibbs-Jackson's filing an amended petition in the Magistrate Division on the same day she

---

[3] As we recently explained, in a typical civil case "the party bringing the action seeks a personal judgment against the defendant, such as an award of monetary damages" while "the objective of a court presiding over a probate proceeding is not to determine whether the plaintiff should receive a monetary judgment against the defendant" but "to disburse the decedent's assets in the manner provided by law while minimizing waste." *Garcia*, 2025 VI 8, ¶ 37.  This is reflected not only in the different procedural rules that apply in probate cases, but also in the consequences of a petitioner's failure to comply with such rules or to initiate a probate matter promptly.  For instance, unlike an ordinary civil case, there is no statute of limitations on the probate of an estate, given the equitable purpose of probate law.  *See id.* at ¶ 40; 4 V.I.C. § 162.

*In re Estate of Gibbs*                          2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 7 of 15

initiated the Rule 322 review process,[4] that amended petition did not attempt to cure the matters

the magistrate judge highlighted in the dismissal order. As Gibbs-Jackson explained in her filings,

she filed the amended petition only to comply with some—but not all—of the conditions imposed

by the dismissal order and to make it clear that she desired the Superior Court to vacate the dis-

missal order and remand the matter to the Magistrate Division "to proceed only with appropriate

orders for citations, as required by law, based only on the amended petition, with no application,

whatsoever, as to the other condition[s] imposed by the Magistrate/judge, herein." (J.A. 82.) In

other words, Gibbs-Jackson chose to largely stand by her original petition, choosing an appeal over

full compliance.[5] *See Mills-Williams*, 67 V.I. at 582. And while Gibbs-Jackson expressly made

this argument in her filing, the Superior Court failed to mention it in its November 6, 2024 order.[6]

¶ 16    But perhaps more importantly, the record reflects that the magistrate judge's order made it

practically impossible for Gibbs-Jackson to cure the deficiencies. The magistrate judge dismissed

---

[4] The fact of Gibbs-Jackson's drawing up a document entitled "Amended Verified Petition for Probate" after entry of the dismissal order is immaterial here. The Superior Court's reference to the document may explain why it characterized the appeal as unripe and the dismissal of the appeal as simply helping the case proceed. But on this record, that document is a nullity; the magistrate judge's dismissal order had already dismissed her probate proceeding and closed the case, and no motion to reopen has been filed or granted. *See Pemberton v. Patton*, 757 Fed. Appx. 689, 691 (10th Cir. 2018) ("Before amending a complaint after its dismissal, a plaintiff must first success-fully move to reopen his case."); *see also George v. Hess Oil V.I. Corp.*, 71 V.I. 531, 544–45 (V.I. Super. Ct. 2019) ("[M]otions, notices, and other papers cannot be filed in closed cases unless a motion to reopen is filed and granted first.").

[5] In fact, the case for the stand-on-the-complaint doctrine here is stronger than it was in *Mills-Williams*. There the appellant did not explicitly raise the doctrine or discuss it in her notice of appeal. But since she did *file* an appeal, we "infer[red]" from that fact that she intended to invoke the doctrine "in the absence of any evidence to the contrary." *Mills-Williams*, 67 V.I. at 582. Here, by contrast, the doctrine was Gibbs-Jackson's principal argument in her notice of appeal.

[6] We have insisted that the "Superior Court should, as a routine matter, address the arguments raised before it in the parties' briefs" on appeal from the Magistrate Division. *Gardiner v. Diaz*, 58 V.I. 199, 205 n.5 (V.I. 2013); *see also Mahabir v. Heirs of George*, 63 V.I. 651, 667 (V.I. 2015) (failure to address an issue properly presented "alone constitute[s] error, since the Superior Court cannot simply ignore arguments that a party has properly presented").

*In re Estate of Gibbs*                                        2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 8 of 15

the probate petition not because it failed to state a claim under Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure or the relevant probate rules, but as a sanction for failure to prosecute pursuant to Rule 41(b) of the Virgin Islands Rules of Civil Procedure. Notably the dismissal order—by its own terms—foreclosed Gibbs-Jackson from simply filing an amended petition to reinstate the case. The dismissal order expressly provided that "the Clerk of the Court is hereby directed to record this Estate as **CLOSED**," and "that the Court will not allow this probate proceeding to be reopened without a motion to reopen and unless and until the Estate demonstrates that it has or is able to comply with the May 10, 2024 Order and until the aforementioned information is developed and the documentation is produced." (J.A. 65 (emphasis in original).) Given the dismissal order's clear and unambiguous language closing the case, the Superior Court erred in holding that the filing of an amended petition, combined with dismissal of the internal appeal, would allow this case to proceed to final adjudication. Accordingly, the Superior Court erred in dismissing Gibbs-Jackson's internal appeal for lack of jurisdiction on ripeness grounds.

### C. The Magistrate Judge's Dismissal Order

¶ 17    Gibbs-Jackson also asks us to review the July 30, 2024 dismissal order entered by the magistrate judge. We seldom review directly the rulings of the Magistrate Division out of respect for "traditional appellate practices," *In re Estate of George*, 59 V.I. 913, 921 (V.I. 2013), in which the Superior Court effectively acts as an "intermediate appellate court" and we form the "second level" of review, *Browne v. Gore*, 57 V.I. 445, 453 n.5 (V.I. 2012). Thus, when this Court determines that the Superior Court erred in dismissing an internal appeal from the Magistrate Division for procedural reasons, we will typically order as the only remedy that the case be remanded to the Superior Court to consider the appeal on the merits. *Id.* at 453–54.

¶ 18    But this arrangement "is grounded not in metaphysical notions regarding transfer of power,

*In re Estate of Gibbs*                                    2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 9 of 15

but on practical considerations concerning efficient judicial administration." *Hansen v. O'Reilly*, 62 V.I. 494, 510 (V.I. 2015) (quoting *Harvey v. Christopher*, 55 V.I. 565, 569 n.2 (V.I. 2011)).  The textbook example for looking past the Superior Court's decision and directly reviewing a magistrate judge's ruling is when this Court "applies the same general standard" of "appellate review" as the Superior Court, *Gardiner v. Diaz*, 58 V.I. 199, 205 (V.I. 2013), and the error of the Magistrate Division is so readily apparent and "easily corrected" that remanding the case to the Superior Court "would serve no practical purpose and only further academic or metaphysical notions," *Magras v. People*, 2024 VI 36, ¶ 44 (internal quotation marks omitted).

¶ 19    After careful review of the record, we conclude that this is one such case.  The magistrate judge's (1) dismissal of Gibbs-Jackson's probate petition for failure to prosecute and (2) directives that Gibbs-Jackson supplement her probate petition beyond the requirements of Virgin Islands probate law constitute errors that are readily apparent and easily corrected.  We address the errors in turn.

### 1. The Dismissal for Failure to Prosecute

¶ 20    The dismissal order entered by the magistrate judge unambiguously dismisses Gibbs-Jackson's petition as a sanction for failure to prosecute pursuant to Rule 41(b) of the Virgin Islands Rules of Civil Procedure.[7]  This Court has long held that "[w]hen determining whether to dismiss

---

[7] While the dismissal order does not cite to Civil Rule 41(b) or any other legal authority for ordering dismissal as a sanction for failure to prosecute, we take judicial notice that Rule 1 of the Virgin Islands Rules for Probate and Fiduciary Proceedings explicitly provides that when those rules are silent on a matter, the court may "adapt[]" the Virgin Islands Rules of Civil Procedure "as appropriate."  V.I. R. PROB. 1.  While Civil Rule 41(b) states that "a defendant may move to dismiss the action" in the event "the plaintiff fails to prosecute," V.I. R. CIV. P. 41(b), we conclude that Probate Rule 1 authorizes a magistrate judge to dismiss a probate action on its own motion when—as here—no party has appeared other than the petitioner who initiated the probate proceeding.  *Accord Limetree Bay Terminals, LLC v. Liger*, 2024 VI 26, ¶ 30; *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962).

*In re Estate of Gibbs*                    2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 10 of 15

a case for failure to prosecute, the Superior Court must consider and weigh each of the six factors" first adopted by this Court in *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. 505 (V.I. 2010). *V.I. Taxi Ass'n v. V.I. Port Auth.*, 67 V.I. 643, 692 (V.I. 2017); *see also Molloy v. Indep. Blue Cross*, 56 V.I. 155, 186 (V.I. 2012) (noting that the trial court must make "appropriate findings [as] to all six factors" and may not dismiss for failure to prosecute "unless these six factors strongly weigh in favor of dismissal as a sanction") (quoting *Halliday*, 53 V.I. at 511). Those six factors are

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Halliday*, 53 V.I. at 510 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)) (emphasis omitted).

¶ 21    Here, as in *Halliday* itself, the magistrate judge "did not consider—let alone weigh—any of these six factors." *Id*. at 511. Because the magistrate judge dismissed Gibbs-Jackson's petition "for failure to prosecute without first making explicit findings as to all of the six *Halliday* factors and determining whether, all weighed together, they warrant dismissal," the dismissal inherently constitutes an abuse of discretion and necessitates reversal. *Molloy*, 56 V.I. at 193. But the error in this case is even more serious than a failure to consider the *Halliday* factors, in that, on the record before us, there is no possible way the Superior Court could make any findings to support dismissing the probate petition for failure to prosecute without abusing its discretion. *See Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 621 (V.I. 2012). Significantly, there is no evidence whatsoever that Gibbs-Jackson ever failed to prosecute the matter, in that the record reflects that she acknowledged and timely responded to all court orders and filed four motions with the court

*In re Estate of Gibbs* 2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 11 of 15

over the first year of the petition's filing, urging the court to act on her petition. *See supra*, ¶ 3; *Belcaster v. Miller*, 785 N.E.2d 1164, 1167 (Ind. Ct. App. 2003) (emphasizing that the purpose of a court rule that authorizes dismissal of a case for failure to prosecute is "to provide an enforcement mechanism" to allow a court "to ensure that plaintiffs will diligently pursue the claims"). To the extent the magistrate judge believed that Gibbs-Jackson's responses to those orders were deficient, other mechanisms—such as Rule 11 of the Virgin Islands Rules of Civil Procedure, or a court's inherent and statutory authority to hold a party or attorney in contempt—exist to allow it to coerce compliance or punish past non-compliance.

### 2. The Directives to Supplement the Petition

¶ 22  The magistrate judge repeatedly ordered Gibbs-Jackson to file a verified inventory of the estate's assets sworn by two disinterested persons before the magistrate judge would admit the will or issue letters of administration. In addition, the dismissal order stated that the magistrate judge would not allow probate to proceed unless Gibbs-Jackson were to perform additional tasks, including (1) identifying the children of three of decedent's siblings, producing birth certificates as necessary; (2) determining the whereabouts of a sibling whose death (if any) is unknown; (3) producing death certificates for multiple siblings and a half-brother; (4) appointing a representative for the estate of the half-brother; and (5) identifying all of decedent's heirs and providing an address for each.

¶ 23  All of these directives are supplemental to—and hence unsupported by—the requirements for a testate probate petition under Virgin Islands law. This court promulgated the 2019 Virgin Islands Rules for Probate and Fiduciary Proceedings, in accordance with Title 15 of the Virgin Islands Code, to facilitate the prompt administration of probate petitions and distribution of estates. The Probate Rules achieve this end by explaining each step in the process of admitting a will to

*In re Estate of Gibbs*          2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 12 of 15

probate and beginning administration. From our review of the record, Gibbs-Jackson has substantially complied with these steps. She filed a verified petition for probate and letters of administration C.T.A. with the necessary contents. *See* V.I. R. PROB. 3(a)–(b); 15 V.I.C. § 232. She attached to the petition decedent's will, *see* V.I. R. PROB. 3(d)(1), decedent's death certificate, *see* V.I. R. PROB. 3(d)(2), and a proposed order of admission of the will to probate, *see* V.I. R. PROB. 3(c)(3), 10(a). She identified the heirs "known to the petitioner," V.I. R. PROB. 3(b)(5), and obtained waivers from them, *see* V.I. R. PROB. 5(a). She submitted a verification under penalty of perjury that all information in the petition is true, which would include the originality of the will. *See* V.I. R. PROB. 8; *see also* 15 V.I.C. § 231. And she requested appropriate court action: that the will be admitted, she be appointed administratrix, and letters of administration be issued. *See* V.I. R. PROB. 3(c)(3)–(4).[8] Indeed, our statutes mandate that once the will is proved and the petition satisfies these requirements, the magistrate judge "*shall . . .* issue[]"—not *may* issue—letters approving the named individual to represent the estate. 15 V.I.C. § 233 (emphasis added); *see also Shoy v. People*, 55 V.I. 919, 927 (V.I. 2011) (observing that a statute's "use of the mandatory word 'shall' normally serves to create an obligation impervious to judicial discretion," while "[i]n contrast, the use of the permissive auxiliary verb 'may' as opposed to 'shall' strongly suggests a discretionary rather than a mandatory action") (first citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998); and then citing *Rastelli v. Warden, Metro. Corr. Ctr.*, 782 F.2d 17, 23 (2d Cir. 1986)). Probate Rule 10 seeks to accomplish the same prompt and near-mandatory probate of the will and administration where a person other than the one named in the will submits the will

---

[8] In fact, it appears that the only document Gibbs-Jackson may not have provided was a separate declaration that no other will or codicil of the decedent is known to exist. *See* V.I. R. PROB. 3(d)(3). However, the magistrate judge has not discussed that as an omitted requirement, and we therefore do not consider the declaration's absence, if any, a defect in the petition.

*In re Estate of Gibbs*
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 13 of 15

2025 VI 24

and petitions for administration. *See* V.I. R. PROB. 10; *see also* V.I. R. PROB. 3(a).

¶ 24    None of these requirements provides a basis for the various tasks the dismissal order gave Gibbs-Jackson as conditions for admitting the will and beginning administration.  While some of these tasks may be a proper exercise of a probate court's caretaking function after administration begins, nothing in probate law contemplates them as prerequisites for administration, and the magistrate judge cited no authority for them.

¶ 25    As for the order to file a verified inventory of the estate, Probate Rule 12 expressly contradicts it.  When the decedent dies testate, an inventory can be appraised and filed only after the will is admitted and the administrator appointed.  V.I. R. PROB. 12; *accord* 15 V.I.C. §§ 312–14.  It is in *intestate* proceedings—*i.e.*, where the decedent dies without a will—that a verified inventory sworn by two disinterested persons must be filed with the initial probate petition.  *See* 15 V.I.C. §§ 191–92; *see also* V.I. R. PROB. 4 (describing intestate probate proceedings).  Accordingly, the order for the filing of an inventory in this testate probate proceeding is premature; it serves only to create a paradox in which administration shall not begin until Gibbs-Jackson files the inventory, which she cannot validly do until letters of administration have been issued.  Additionally, when Gibbs-Jackson questioned the order's timing and directed the magistrate judge's attention to the inventory rules and statutes, the magistrate judge declared, "it is enough to advise counsel that this Court requires a verified Inventory of Estate assets in every probate proceeding."  (J.A. 56.)  But to the contrary, that is not enough.  To be sure, an inventory no doubt is required at some stage, depending on the sort of petition at issue. But since this is a testate petition, the magistrate judge's declaration is at loggerheads with Probate Rule 12, as well as sections 312 to 314 of Title 15 of the Virgin Islands Code.  The trial court "must apply [court rules] as written unless expressly permitted to do otherwise by the appellate court." *Bryan v. Fawkes*, 61 V.I. 416, 457 (V.I. 2014).  It must

*In re Estate of Gibbs*                                                  2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 14 of 15

likewise apply statutes as they have been written, absent ambiguity or absurdity, neither of which is present here. *See, e.g.*, *Willis v. People*, 71 V.I. 789, 812 n.5 (V.I. 2019) (Swan, J., concurring) (observing that "courts are not equipped with the capacity to legislate, [and] they may only interpret a statute to apply according to its express language and by necessary implication," and further noting that "inserting . . . terms that are not necessarily implied . . . when no ambiguity exists to create a meaning to a statute is the equivalent of legislating") (citing *Western Union Tel. Co. v. Kansas*, 216 U.S. 1, 44 (1910)).  Because Virgin Islands probate law does not support the magistrate judge's directive that Gibbs-Jackson supplement her petition at this juncture with a verified inventory, we will vacate the dismissal order and remand with directions that the magistrate judge allow the probate petition to proceed to administration in accordance with probate law.

### III. CONCLUSION

¶ 26     The Superior Court erred in characterizing Gibbs-Jackson's internal appeal as unripe, since the Magistrate Division ordered the underlying probate case closed and—in any event—Gibbs-Jackson chose to stand by her petition largely as filed.  Moreover, the Magistrate Division erred both in dismissing the probate petition for failure to prosecute without identifying or weighing the *Halliday* factors and in directing Gibbs-Jackson to supplement her petition with various documents unsupported by probate law.  Accordingly, we reverse the Superior Court's November 6, 2024 order dismissing Gibbs-Jackson's internal appeal; vacate the Magistrate Division's July 30, 2024 dismissal order; and remand this case to the Magistrate Division to continue to oversee administration of the decedent's estate pursuant to Gibbs-Jackson's petition.

**Dated this 15th day of December 2025.**

*In re Estate of Gibbs*                                    2025 VI 24
S. Ct. Civ. No. 2024-0117
Opinion of the Court
Page 15 of 15

BY THE COURT:


 /s/ Rhys S. Hodge
**RHYS S. HODGE**
**Chief Justice**


**ATTEST:**
**DALILA PATTON, ESQ.**
**Acting Clerk of the Court**

**By:**  /s/ Jahkyda Coakley
            **Deputy Clerk II**

**Dated:**  December 15, 2025